## HOLLOWAY *et al. v.* HOARD.

1. The court charged the jury as follows: "If a child hold exclusive possession of land originally belonging to the father, for seven years without the payment of rent, I said, the law presumes that to be a gift, and the child has the right under those circumstances to file her suit to compel specific performance of the voluntary agreement." This charge standing alone would be objectionable as not sufficiently stating the rule relative to the presumption of gift created by seven years possession without payment of rent; but a reference to the entire charge on the subject shows that the instructions of the court upon this subject were properly qualified, when what is set forth above is considered in connection with the language of the charge immediately preceding the excerpt complained of.

2. Although a charge may be somewhat confusing and misleading, if it is apparent that the confusion and misdirection of the charge could only have the effect of placing a heavier burden upon the plaintiff than the law imposes, it affords no ground for a new trial at the instance of the defendant.

3. The consent of the wife, before the expiration of the period of seven years after she went into possession of the land in controversy under an alleged parol gift, to the purchase of a small part of the land by her husband from her father, the alleged donor, while a circumstance to be considered by the jury together with other evidence in the case, is not, as a matter of law, inconsistent with the claim of the wife that there was a gift by the father, that she had not disclaimed title, and that there had not been a claim of dominion by the father acknowledged by the donee.

4. Where, in instructing the jury as to the effect of voluntary promises and agreements and the surrender of possession under such promises and agreements, and the making of improvements on the lands of which possession is given on the faith of the agreement, the court uses the language "substantial improvements" instead of the expression "valuable improvements," even if this is an inaccuracy, it will not afford ground for the grant of a new trial, especially where in another portion of

the charge the court, referring to the same subject, uses the very language of the statute.

5. Where it is claimed by the alleged donee, under the provisions of section 4151 of the Civil Code, that possession has been had by her for the statutory period, this allegation is supported by proof of possession by the donee for a part of that period and by her tenants for the remainder of the period, even though one of the tenants was the father of the donee, where it appears that the father actually paid rents to the donee during the period of his occupancy and recognized the donee as his landlord.

6. Testimony to the effect that the defendant, the alleged donor of certain lands, had said, in conversation with the witness a short time before buying the land in controversy, that he had the money and wanted to buy a home for both his children (the alleged donee being one of the children), that he had asked the advice of the witness in regard to this matter and she had advised him to buy it and give it to the child, and that he did buy it and give it to the alleged donee, is not objectionable on the ground that it is irrelevant.

(a) An objection to it on the ground that it was incompetent is not sufficiently specific.

(b) The witness being the wife of the alleged donor, an objection to the testimony on the ground that it was in the nature of confidential communications between husband and wife, and therefore to be excluded under the provisions of section 5785 of the Civil Code, comes too late when urged for the first time in the brief of counsel for the plaintiff in error in the reviewing court.

7. There was sufficient evidence to support the verdict.

JUNE 13, 1913. REHEARING DENIED JULY 21, 1913.

Equitable petition. Before Judge Daniel. Butts superior court. January 20, 1912.

Mrs. Belle Hoard brought her action against J. W. Holloway and Ed Cole, to recover possession of certain land described in the petition, and for specific performance. She alleged that the land described originally belonged to Holloway, who is her father; and she relied, for her right of recovery, upon seven years' possession without the payment of rent and without a claim of dominion by the father or any disclaimer of title on her part; and also upon a parol gift by the father, and valuable and substantial improvements placed upon the land by the donee and her husband. The evidence was conflicting upon the material issues. It appeared from the evidence for the plaintiff that she had been in possession of the land for about five years (beginning in 1900), when her father and Ed Cole went into possession; that they were there as her tenants; that her father paid rent for two years, only refusing to pay rent for the years 1909 and 1910. The jury returned a verdict in favor of the plaintiff. The defendants made a

motion for a new trial on various grounds, and upon its being overruled they excepted.

H. M. *Fletcher* and O. M. *Duke,* for plaintiffs in error.

C. L. *Redman* and J. T. *Moore,* contra.

BECK, J. (After stating the foregoing facts.)

1. Exception is taken to the following charge of the court: "If a child hold exclusive possession of land originally belonging to the father, for seven years without the payment of rent, I said, the law presumes that to be a gift, and the child has the right under those circumstances to file her suit to compel specific performance of the voluntary agreement." This charge standing alone might be objectionable as being an incomplete statement of the provisions of section 4151 of the Civil Code, which reads as follows: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child." For in instructing the jury in the language of the first part of this section, as to the effect of exclusive possession by a child of land originally belonging to the father, without payment of rent, for the statutory period, which makes the mere possession for the stated period create the presumption of a gift, the court should not omit the latter part of the section as to the effect of evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child. But an examination of the charge in this case shows that while the court did charge the rule as stated in the motion, the court had, immediately before giving the charge complained of, stated fully the provisions of the quoted section; and it is only by separating that portion of the charge set forth in the ground referred to from the entire charge that it apparently excludes the defenses set up. The complete charge of the court upon the particular subject dealt with in that part of the charge excepted to is as follows: "Now, gentlemen, the law I have read means this: that if the plaintiff in this case (Mrs. Hoard) went into possession of this land, and she was the daughter of the defendant (Mr. Holloway),—if she had exclusive possession of the land without the payment of rent for

the space of seven years, the law presumes that the father gave the land to the child, and that will be sufficient to authorize the jury to say that there was a gift, that it was the intention of the father to give the land to the child, and conveys the title to the child: unless there is evidence of a loan of tne land to the child, that is, that the father let the child have it as a loan, that it was not his intention to make a gift of it to her; or unless it appears that the father still held dominion over the land, which was acknowledged by the child; or unless during that time there was a disclaimer of the title to the land on the part of the child. If a child hold exclusive possession of land originally belonging to the father, for seven years without the payment of rent, I said, the law presumes that to be a gift, and the child has the right under those circumstances to file her suit to compel specific performance of the voluntary agreement." The charge, then, upon the subject of presumption of a gift arising from seven years possession seems to be unexceptionable.

2. The following charge of the court is also complained of: "If possession was given under the agreement, and the donee went forward and made substantial improvements on the place in faith of that gift, and the child held exclusive possession of the land originally belonging to the father, for the space of seven years, the presumption of law is that it is a gift to the child, and conveys the title to the child; unless there is evidence of a loan, or a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child, from the evidence in this case." This excerpt immediately follows that complained of in the ground of the motion considered in the foregoing division of this opinion, and is to be considered in connection with that portion of the instructions. While the partial blending of sections 4634 and 4151 of the Code might be misleading, and for that reason the provisions of the two sections should be kept separate and distinct, we do not think that the plaintiff in error here could have been injured by the apparent confusion of the two sections, because the only effect of the blending of the two sections as it was done in this charge was to place a heavier burden upon the plaintiff than the law imposes; for while the plaintiff might have recovered in this case on the ground that there was a gift of the premises in controversy and valuable improvements made on

the land on the faith of that gift, or because of the presumption of a gift created by possession of the land for seven years without payment of rent, this part of the court's instructions might have been understood by the jury to require that the burden was upon the plaintiff to show both that substantial improvements on the land had been made on the faith of the gift, and also that the plaintiff had held exclusive possession of the lands for the space of seven years.

3. Before the completion of the period of seven years possession by the plaintiff, the plaintiff's husband with the knowledge and consent of the plaintiff, or, according to the testimony of another witness, the plaintiff herself at the instance of her husband, treated with the defendant for the purchase of one acre of the one hundred acres of land involved in this controversy; and it is contended that this constituted such an acknowledgment of dominion in the defendant as to conclusively prevent the creation of the presumption of a gift by continuous possession for seven years without payment of rent. We do not think so. We think it was a circumstance to be considered by the jury with the other evidence in the case submitted upon the issue as to whether or not there was a gift or a presumption of a gift. It might have been that, although there was no controversy as to there being a parol gift and continued possession for a period less than that necessary to create the conclusive presumption in favor of the donee, the written title being in the defendant, the husband was desirous of having the perfect title to the one acre of land which he sought to purchase, with written evidence of his title, and the wife, although claiming that there had been a gift to her, was willing that the husband should have that particular portion of the tract of land and evidence of his title in writing, and for this reason consented that her husband should treat with her father with a view to acquiring title directly from the father to the one acre of land. This conduct upon the part of the wife was not necessarily inconsistent, as a matter of law, with her assertion of such a gift to her as would be conclusively presumed after a possession of seven years without the payment of rent.

4. Complaint is made that in instructing the jury upon the subject of voluntary promises and agreements, and the effect of going into possession of the lands thereunder. and making the im-

provements on the faith thereof, the court used the expression "substantial improvements" instead of "valuable improvements." While it would have been better to use the exact language of the statute, including the term "valuable" instead of "substantial," we do not think that the variance between the language of the charge and the language of the statute itself is a very material one; and if it amounts to an inaccuracy, that inaccuracy will not be cause for a new trial, especially where in another portion of the charge the court, referring to the same subject, instructed the jury that the improvements must be valuable.

5. Where it is claimed by the alleged donee, under the provisions of section 4151 of the Code, that possession has been had by her for the statutory period, this allegation is supported by proof of possession by the donee for a part of that period and by her tenants for the remainder of the period, even though one of the tenants was the father of the donee, where it appears that the father actually paid rents to the donee during the period of his occupancy and recognized the donee as his landlord.

6. The wife of Holloway, the alleged donor, during the trial testified as follows: "I know of the gift that Mr. Holloway made of the 100 acres of land described in the petition in this case. He told me that he had the money and wanted to buy a home for both his children. He wanted to give both of them a home. He bought 100 acres of land and gave it to this child, Mrs. Hoard, the land in this petition, and she moved on it. He gave it to her in 1900, I think. When Mr. Holloway gave Miss Bell the land, he said he had some money he wanted to invest in land for our children. He asked me my advice about giving this piece of land to Bell, and of course I said it was best to settle our children close to us. He bought the 100 acres of land in controversy and gave it to her. I was at home the time he told me this. Miss Bell was not present. When this conversation took place that I say he gave her the land, Miss Bell was not present. It was in 1900, and before he bought this land. He asked my advice when he bought it. I said buy it and give it to this child, that I wanted the children settled close around us. He bought it and gave it to her. I think he gave it to her in 1901. I was not present when Holloway had a conversation with Miss Bell in regard to the land he gave her. I didn't go over there." The defendant made a motion to rule out that

25

evidence, on the ground that it was incompetent and irrelevant. The court overruled the motion, and this was excepted to. . Clearly the evidence was not irrelevant. The objection to it on the ground that it was incompetent is not sufficiently specific; it is entirely too vague to avail on appeal. See 4 Words and Phrases Judicially Defined, 3510.

And an objection to the testimony on the ground that it was in the nature of confidential communications between husband and wife, and therefore to be excluded under the provisions of section 5785 of the Civil Code, is entirely too late when urged for the first time in the brief of counsel for the plaintiff in error in this court. .

7. There was sufficient evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*