## HARRELL v. HARRELL.

1. Where a son brings suit against his father for the recovery of land alleged to have been given by the father to the son, and relies for recovery upon section 4151 of the Civil Code providing that the presumption of a gift arises in certain cases, and there is no prayer for specific performance, or that the defendant be required to execute a deed, it is error for the court to charge the jury that the plaintiff "sues to compel the defendant to make him a deed to the land in accordance with the alleged verbal agreement."

2. Under the evidence in the case the plaintiff's right to recover depended solely upon evidence of possession for a period of seven years, in accordance with the provisions of the Civil Code of 1910, § 4151, and the presumption arising from possession for that period in accordance with the provisions of that section; and the court should not have given the jury instructions that were appropriate only where there is a parol contract for the sale of land, possession given, and improvements made, which would entitle the plaintiff to specific performance.

No. 3087. NOVEMBER 18, 1922.

Complaint for land. Before Judge Graham. Dodge superior court. December 19, 1921.

*Hal Lawson,* for plaintiff. *J. H. Roberts,* for defendant.

BECK, P. J. Scranton Harrell brought complaint against Anthony Harrell, to recover a tract of land containing some thirty acres. Plaintiff is the son of the defendant. It is alleged in the petition that in the year 1909 Anthony Harrell made a gift of thirty acres of land. In another paragraph it is alleged that in pursuance of the gift petitioner took possession of the land, cleared it and put it in cultivation, built houses upon it, dug wells, and built fences, all to the value of $750, and continued in possession of the land until December, 1914, paid taxes upon the property, and exercised ownership over it; that in December, 1914, plaintiff moved off of said land, but without any intention of abandoning his possession or ownership; and that the defendant wrongfully took possession of the land, and remains in possession. Petitioner prayed that defendant be required to surrender possession, and that the title to the land be decreed in him. The jury trying the case returned a verdict for the defendant. Plaintiff made a motion for a new trial; and that being overruled, he excepted.

1. The original motion for a new trial contains the usual grounds. In the amended motion error is assigned upon that part of the charge in which the court, stating the contentions of the plaintiff, instructed the jury that the plaintiff " sues to compel

the defendant to make him a deed to the land in accordance with the alleged verbal agreement." This charge was error. While under the pleadings in the case it does not appear as clearly as it might have been made to do that the plaintiff was relying solely and absolutely upon section 4151 of the Civil Code, relating to presumptions of a gift, nevertheless it does appear from the petition that the plaintiff did rely upon that section, which declares that " The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift;" and the case for the plaintiff by the evidence shows clearly and beyond question that the plaintiff was relying on that section.

2. Other parts of the charge excepted to are appropriate where the plaintiff is relying upon the provisions of sections 4634 and 4636, relating to parol contracts for land, voluntary promises, and specific performance; but they should not have been given under the evidence in this case, where no specific performance is sought, but a recovery based upon the presumption arising under the provisions of § 4151. *Holloway* v. *Hoard,* 140 *Ga.* 380 (78 S. E. 928). No doubt the court was led into giving the charge here referred to, by certain allegations in the petition in reference to the making of improvements, which is not essential to a case based upon section 4151 of the Code.

*Judgment reversed. All the Justices concur.*