## S97A0026. CHAPMAN v. QUINN.
(483 SE2d 580)

THOMPSON, Justice.

In December 1983, Dr. Gustus Cullens purchased a 270-acre farm in Coweta County for $240,000. The deed reflects that legal title to the property was put in Dr. Cullens' name. Ramona and Chris Chapman, Dr. Cullens' daughter and son-in-law, moved to the farm in March 1984. Months later, Dr. Cullens purchased a house and moved it to the farm. The Chapmans took up residence in that house.

The Chapmans paid the ad valorem taxes on the property from 1984 through 1987, and in 1990, 1994 and 1995. In 1988, 1989, and 1991 through 1993, the Chapmans paid the first $2,500 of the real estate taxes to Dr. Cullens, and Dr. Cullens paid the bill. The Chapmans did not pay rent to Dr. Cullens.

Within the next several years, Dr. Cullens moved four more houses to the farm, put them on one-acre lots, and rented them. The Chapmans collected the rent, kept a portion of the money for the upkeep of the property and a "commission," and remitted the balance to Dr. Cullens.

Numerous improvements were made on the property. Although the Chapmans supervised the construction of the improvements, Dr. Cullens paid for them. When timber on the farm sold for $36,500, the proceeds went to Dr. Cullens.

Dr. Cullens treated the farm and all improvements thereon as his property for income tax and insurance purposes. Conversely, the

Chapmans only treated the farm business as theirs.

Dr. Cullens died in June 1994, leaving three children — one son and two daughters. Sharon Quinn, Dr. Cullens' accountant, was named the executrix of his estate. The farm was not specifically mentioned in Dr. Cullens' will.

Dr. Cullens had told the attorney who prepared his will that he owned the farm and that it was an asset of his estate. However, Cullens also told the manager of a neighboring farm that the farm was Ramona's "baby"; that he had cancer; and that, after he died, Ramona would be "well taken care of through the farm."

When Quinn became the executrix of Cullens' estate, she informed the Chapmans that the farm was an asset of the estate and that they would have to pay a fair rental to remain on the property. The Chapmans did not tell Quinn that the farm was theirs. Rather, Ramona voiced the concern that she might not be able to pay a fair rent. In the meantime, the parties agreed that the "commission" which the Chapmans had been taking in connection with the rental properties (approximately $100 per month) would be paid to the estate. Shortly thereafter, Ramona asked if she could be allowed to keep the "commission." Quinn refused, again insisting on payment of a fair rent.

Thereafter, Ramona consulted an attorney and took the position that Dr. Cullens had given the farm to her. When Quinn refused to acknowledge that the farm was a gift, Ramona brought suit pursuant to OCGA § 44-5-85.[1] Quinn answered and moved for summary judgment. The trial court granted summary judgment to Quinn and Ramona appeals.

Ramona cannot prevail in her OCGA § 44-5-85 claim unless she can first demonstrate that she was in "exclusive possession" of the farm for seven years. *Tucker v. Addison*, 265 Ga. 642 (2) (458 SE2d 653) (1995). However, Ramona cannot show she was in exclusive possession because it is undisputed that, within a few years after purchasing the farm, Dr. Cullens moved houses to the farm and rented them for his own benefit. Compare *Holloway v. Hoard*, 140 Ga. 380 (5) (78 SE 928) (1913) (possession not interrupted where tenants occupy property and pay rent to donee). It follows that the trial court did not err in granting summary judgment to Quinn.

---

[1] OCGA § 44-5-85 provides:

The exclusive possession by a child of lands which originally belonged to the parent or parents, without payment of rent, for the space of seven years, creates a conclusive presumption of a gift and conveys title to the child, unless there is evidence of a loan, of a claim of dominion by the parent or parents acknowledged by the child, or of a disclaimer of title by the child.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 14, 1997.

*Knight, Stemberger & Gomez, William J. Stemberger, Jr.,* for appellant.
*Glover & Davis, J. Littleton Glover, Jr.,* for appellee.