## 58666. BENNETT v. SHIPMAN.

SOGNIER, Judge.

This appeal involves a suit for breach of contract based on a written lease. Bennett leased certain property to Shipman on December 28, 1968; the lease commenced on January 1, 1968 and terminated on December 31, 1978 and contained an option to renew for an additional five years on written notice by Shipman at least 90 days prior to the lease termination date. On December 26, 1972 Shipman subleased the property, with Bennett's written consent, to Laurence Goetz, Jr. On September 26, 1978 written notice was given by Shipman that he intended to exercise his option and renew the lease. By letter dated November 10, 1978 Bennett gave notice to Shipman and Goetz that they were in default under the lease due to their failure to make needed repairs. The letter also requested that the premises be vacated on or before December 1, 1978. Goetz advised Bennett that he was vacating the premises effective December 1, 1978; on that date Bennett went to the premises, found them unoccupied and secured the premises. The rent for December was not paid. On December 30, 1978 Shipman tendered a check to Bennett for the rent due on January 1, 1979; Bennett refused to accept the one month's rent. Thereafter Bennett spent a large amount of money repairing the premises and ultimately entered into a partnership agreement with a third party who took possession of the premises. Shipman then filed this action for breach of contract. On April 27, 1979 Shipman filed a motion for partial summary judgment as to the issue of liability alone on the ground that there was no genuine issue of material fact as to liability. The motion was granted, and Bennett appeals. We reverse.

There is no showing that appellant's letter was an ouster amounting to an eviction; in fact, appellant's affidavit indicates that appellant was informed by Goetz that he was vacating the premises on December 1, 1979. Nor do we find sufficient uncontradicted evidence to support a finding that appellant is liable, as a matter of law, for breach of contract. Defendant/appellant alleges in his answer that the premises were voluntarily

surrendered, and denied plaintiff's allegation that there was a constructive eviction. For plaintiff/appellee to obtain a partial summary judgment, he must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. Code Ann. § 81A-156(c). *Stratton & McClendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430, 431 (231 SE2d 447) (1976). We do not find that plaintiff/appellee has sustained this burden. Appellant's answer raised an issue as to whether Goetz was coerced into vacating the premises, or surrendered them voluntarily. Resolution of this issue is necessary before determining whether the lease provision relating to notice is applicable or whether Goetz abandoned the premises. If the premises were voluntarily surrendered or abandoned, it must then be determined if such action is binding on Shipman. It must also be determined if Shipman's tender of the rent for the month of January, 1979 only was a valid tender, since the rent for December, 1978 had not been paid. As all of these factual issues would affect Shipman's right to recover for breach of contract and have not been resolved, the evidence is insufficient, as a matter of law, to show that appellant is liable.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

Submitted October 15, 1979 — Decided February 27, 1980 — Rehearing denied March 13, 1980 —

*Otis W. Harrison,* for appellant.
*Jay M. Sawilowsky,* for appellee.