A94A1919. SMITH v. REPUBLIC REALTY SERVICE, INC.
(456 SE2d 55)

POPE, Presiding Judge.

In this wrongful eviction action, tenant Smith appeals the trial court's grant of summary judgment to landlord Republic Realty Service, Inc. We affirm.

Landlord brought a dispossessory proceeding against tenant for nonpayment of her July 1990 rent. In an order issued September 20, 1990, the magistrate court found for landlord and directed that if tenant appealed, she would have to pay the past due July rent ($435) into the court registry by September 30, 1990, and would then have to pay her monthly rent into the court registry on the first day of every month for the duration of the appeal. See OCGA § 44-7-56. Although tenant appealed and paid her October rent on October 5, 1990, she apparently failed to pay the past due July rent as ordered. Landlord was therefore able to obtain an immediate writ of possession, and

evicted tenant October 29, 1990.

Tenant nonetheless pursued her de novo appeal on the issue of past due rent to the state court (see OCGA § 15-10-41 (b) (1)). There she was able to produce documentation showing she had in fact paid her July rent back in July. The state court thus found for tenant on the issue of back rent, and tenant then brought this action for wrongful eviction.

Even though the magistrate court's order directing tenant to pay $435 into the court registry by September 30 was based on an erroneous finding that tenant's July rent was unpaid, tenant was bound by that order and was not free to disregard it. See *Golden Key Restaurant & Lounge v. Key Mgmt. Corp.*, 137 Ga. App. 251 (2) (223 SE2d 284) (1976). Accordingly, when tenant failed to pay into the court the monies required by the magistrate court's order, tenant lost her right to possession of the premises and landlord was entitled to immediate possession. See *Mitchell v. Excelsior Sales & Imports*, 243 Ga. 813 (2) (256 SE2d 785) (1979). It follows that the eviction was not wrongful. Tenant still might have had a cause of action for malicious eviction if there were any evidence that landlord's failure to record tenant's payment was wilful and malicious rather than negligent, see, e.g., *Mizell v. Byington*, 73 Ga. App. 872 (38 SE2d 692) (1946); but the record fails to reveal any evidence of maliciousness.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 12, 1995 —
RECONSIDERATION DENIED MARCH 17, 1995 — 

*Boone, Papadakis & Levine, James J. Gormley III, Gregg Loomis,* for appellant.

*Fred J. Rushing, Jr.,* for appellee.