A95A0805. OWENS v. BARCLAYSAMERICAN/MORTGAGE
CORPORATION.
(460 SE2d 835)

RUFFIN, Judge.

Gordon Owens sued BarclaysAmerican/Mortgage Corporation ("Barclays") alleging Barclays wrongfully dispossessed him from the condominium he was renting. Barclays filed a motion for summary judgment asserting that if Owens was wrongfully dispossessed of the condominium, it was by Barclays' independent contractor, Capital Securing Company, Inc. ("Capital"). Owens appeals from the grant of Barclays' motion and the denial of his motion for partial summary judgment.

The record shows that after foreclosing on the condominium, Barclays hired Capital "to inspect [the] property on 5/8/92 and advise our office of the occupancy status within 24 hours of the inspection." In a report dated May 11, 1992, Capital reported to Barclays that the

property was vacant. On May 12, 1992, Barclays sent Capital a work order requesting that Capital "secure the property for final conveyance" in accordance with the Department of Housing and Urban Development's instructions for the State of Georgia, with the further instruction that "if the property is occupied, advise our office immediately." On May 14, 1992, three individuals retained by Capital arrived at the condominium and found it open with no furniture inside. They reported to Capital that the condominium did not appear occupied and that a neighbor of Owens' who was in the condominium removing the curtains told them Owens had moved and given her the curtains. The individuals disposed of dirty clothes which were strewn about the floor and removed and stored "everything which appeared to be salvageable." At some point thereafter, Capital reported to Barclays that the property was abandoned and the premises had been cleaned and secured.

When Owens returned to the condominium later that day, he discovered the locks were changed. In his deposition, Owens testified that he then contacted Barclays and Capital to find out what happened and informed them "it was a mistake" and that "it was wrong . . . what they did to me." He further testified that he was still living in the condominium and that he had paid the current month's rent. Although the items in storage were returned to Owens, he contends much of his property is still missing and that many of the returned items have been damaged.

1. Owens contends the trial court erred in concluding that Barclays was not liable to him because Capital was an independent contractor of Barclays.

"Generally, an employer is not responsible under the theory of respondeat superior for the torts of one employed as an independent contractor. [Cit.] An employer-employee relationship exists when the employment agreement gives, or the employer assumes, the right to control the time and manner of executing the work. In an employer-independent contractor relationship, the employer has the right merely to require results in conformity with the employment agreement, and the independent contractor retains the right to perform the work by his own means, method and manner. [Cit.]" *McDaniel v. Peterborough Cablevision*, 206 Ga. App. 437, 438 (425 SE2d 424) (1992).

In this case, the record shows that Capital was an independent contractor and not an employee of Barclays'. In support of its motion for summary judgment, Barclays submitted the affidavit of its foreclosure supervisor who averred that Barclays occasionally hired Capital as an independent contractor to secure properties following foreclosure, that it had no control over the method or manner in which Capital inspected, cleaned and secured the property in this case, and it did not direct or participate in these activities.

After Barclays denied the existence of an employer-employee relationship, Owens could not rest on his pleadings but was required to set forth specific facts revealing a genuine issue for trial. See id. at 439. Not only did Owens fail to set forth such facts, but the record shows he admitted that he knew of no evidence that would show Barclays controlled the time, manner and method of executing the work in which his personal property was removed from the condominium. Accordingly, the trial court correctly ruled as a matter of law that the relationship between Barclays and Capital was that of an employer/independent contractor.

2. There are, however, exceptions to the general rule that an employer is not responsible under the theory of respondeat superior for the torts of one employed as an independent contractor. One such exception relied on by Owens provides for liability of the employer if the wrongful act of a contractor is the violation of a duty imposed by statute. See OCGA § 51-2-5 (4). In this case, Owens contends that Barclays was under a statutory duty to dispossess him in accordance with OCGA § 44-7-50.

Under OCGA § 44-7-50 (which was revised effective July 1, 1995), an owner taking possession of the premises from his tenant is required to follow certain procedures. Specifically, the owner must "by himself, his agent, his attorney in fact, or his attorney at law, demand the possession of the property. . . ." If, after demand, the tenant refuses to deliver possession and the owner still desires to dispossess him, the owner must by himself, "his agent, his attorney at law, or his attorney in fact . . ." make and file an affidavit for possession. OCGA § 44-7-50. If the owner "forcibly [dispossesses] a tenant" without following these procedures, the owner is subject to an action for trespass. *Swift Loan &c. v. Duncan*, 195 Ga. App. 556, 557 (1) (394 SE2d 356) (1990). And, while OCGA § 44-7-50 allows an owner to accomplish these statutory duties through his agent or attorney, we find nothing in the statute that would allow an owner to avoid liability for a wrongful eviction by delegating these duties to an independent contractor. Hence, if a jury found that Owens was forcibly dispossessed of the condominium in violation of the statute, Barclays would be chargeable with that wrongful dispossession since it was the violation of a duty imposed by statute. See *Royal Frozen Foods Co. v. Garrett*, 119 Ga. App. 424 (1) (167 SE2d 400) (1969). Accordingly, the trial court erred in granting summary judgment to Barclays.

3. Since a factual issue remains as to whether Owens abandoned the condominium or was forcibly dispossessed, the trial court did not err in denying his motion for partial summary judgment. See generally *Bennett v. Shipman*, 153 Ga. App. 876 (267 SE2d 271) (1980).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Pope, P. J., concur.*

Decided July 13, 1995 —
Reconsideration denied July 26, 1995 —

*James Brantley*, for appellant.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Linda S. Finley, McLain & Merritt, William S. Sutton*, for appellee.