## A01A2101. STRINGER v. BUGG.
### (563 SE2d 447)

SMITH, Presiding Judge.

Connie Stringer filed suit against her former landlord, George Bugg, alleging claims for wrongful eviction, trespass, conversion, assault, violation of the Fair Business Practices Act (FBPA, OCGA §§ 10-1-390 through 10-1-407), and exemplary damages and attorney fees. The trial court granted Bugg's motion for judgment on the pleadings with regard to the FBPA claim, granted Stringer's motion for partial summary judgment as to Bugg's counterclaim for rent, granted Bugg's motion for summary judgment as to all Stringer's remaining claims, and vacated two prior orders denying prior cross-motions for summary judgment. Implicit in these rulings is that the trial court also denied Stringer's motion for partial summary judgment on her claims for wrongful eviction, trespass, conversion, and exemplary damages and attorney fees. Stringer appeals, contending the trial court erred in granting summary judgment to Bugg and denying her motion for partial summary judgment. Because we find that Stringer gave adequate notice of her claim under the FBPA, we reverse the trial court's grant of summary judgment to Bugg on that claim. Because we find that Stringer's remaining claims against Bugg are not barred by the doctrine of res judicata, we also find that the trial court erred in granting summary judgment to Bugg on these claims. Because genuine issues of material fact remain with regard to the issues raised in Stringer's motion, however, we find that the trial court did not err in denying her motion for summary judgment. We therefore affirm in part and reverse in part.

The record shows that Stringer filed this action after the conclusion of a dispossessory action Bugg filed against her in magistrate court. Bugg filed that action on October 10, 1997. Shortly thereafter, Bugg and Stringer reached an agreement in satisfaction of that matter, and after assurances from Bugg that filing an answer would be unnecessary, Stringer did not file an answer to the dispossessory action. In violation of the agreement, Bugg obtained a writ of possession on November 21, 1997, without informing Stringer he was doing so and without informing the magistrate court of the agreement. On December 4, 1997, Bugg forcibly evicted Stringer from her home, setting her personal property out on the street and later refusing to allow her to reclaim certain other possessions she had left behind.

On December 16, 1997, Stringer moved the magistrate court to set aside the judgment. At a hearing on March 5, 1998, the writ of possession was set aside. The magistrate court then also dismissed the dispossessory action with prejudice and announced that it would find for Stringer in the amount of $1. But after hearing from Stringer's attorney that Stringer was not seeking damages in that action, the magistrate court withdrew its award of a money judgment.

On April 10, 1998, over a month after it had set aside the writ, the magistrate court made written findings of fact, finding, among other things, that Bugg "had virtually forced a written agreement upon" Stringer, that Bugg had misled Stringer into failing to answer the dispossessory action, and that Bugg had "in effect accepted complete tender of payment and costs," which was a complete defense to the dispossessory action. The magistrate court also found that in subsequently requesting a writ of possession to which he was not entitled and having it served, Bugg had "perpetrated a fraud on the court."

On September 16, 1998, Stringer filed this action in superior court seeking damages arising out of Bugg's actions in obtaining the writ and evicting her from the premises. In support of her motion for partial summary judgment, she filed a certified copy of the magistrate court's findings of fact. Bugg filed his motion for partial summary judgment on the same claims, and both motions were denied. Immediately before trial, after a jury had been selected, and after hearing several motions in limine, Bugg moved for judgment on the pleadings with regard to Stringer's claim under the FBPA. The trial court granted this motion. The trial court then reconsidered sua sponte the previously filed and denied motions for summary judgment, granted Bugg's motion as to Stringer's claims against him, and granted summary judgment to Stringer on Bugg's claim against her for rent and damage to property.

1. The trial court granted Bugg's motion for judgment on the pleadings as to Stringer's claim for violation of the FBPA on the ground that, under OCGA § 10-1-399 (b), the notice given by Stringer was insufficient as a matter of law. That statute provides: "At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective respondent."

Stringer's letter to Bugg stated that Bugg had evicted her even though he had agreed not to do so and that because of the eviction, some of her possessions were stolen or broken. The letter stated Stringer's claim that the eviction was unfair, and it requested that Bugg pay for the damage done to her family. No mention was made in

the letter that a claim under the FBPA would be brought if Bugg did not respond. But this court has held that the notice requirement of OCGA § 10-1-399 (b) must be liberally construed. *Lynas v. Williams*, 216 Ga. App. 434, 435 (3) (454 SE2d 570) (1995). We have held that a notice is sufficient if it apprises the recipient "of the underlying facts giving rise to" the sender's claim; it need not cite the appropriate Code section. *Colonial Lincoln-Mercury v. Molina*, 152 Ga. App. 379, 383 (9) (262 SE2d 820) (1979). Although the sufficiency of the notice is a question for the court, *Paces Ferry Dodge v. Thomas*, 174 Ga. App. 642, 643 (1) (331 SE2d 4) (1985), we conclude that the trial court abused its discretion in finding that Stringer's notice to Bugg was insufficient as a matter of law. Stringer's letter apprised Bugg that the eviction was "unfair" because he had proceeded with it after agreeing not to do so and that Stringer had suffered specific damages when her property was stolen or broken as a result of the eviction. The letter reasonably described "the unfair . . . act . . . relied upon and the injury suffered." Judgment on the pleadings in favor of Bugg on Stringer's claim under the FBPA must be reversed.

2. The trial court granted summary judgment to Bugg on Stringer's remaining claims, finding that these claims were barred by the doctrine of res judicata. We find no merit in many of Stringer's arguments. Stringer contends this ruling was erroneous because her claims against Bugg were not compulsory counterclaims in the magistrate court. But this court has held that the doctrine of res judicata "bars a party who forgoes an opportunity to file a permissive crossclaim from bringing the claim in a subsequent action." (Citations and punctuation omitted.) *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 225 (3) (438 SE2d 686) (1993).

Stringer correctly points out she could not have asserted these claims originally in the magistrate court because at the time an answer was due, these causes of action, which arise from Bugg's subsequent actions, had not accrued. Moreover, her claim for wrongful eviction did not mature until even later. The eviction was carried out under a writ of possession issued by the magistrate court, and until that writ was vacated, it was lawful and the eviction was not wrongful. See *Smith v. Republic Realty Svc.*, 216 Ga. App. 736, 737 (456 SE2d 55) (1995). Stringer argues that she was not required to assert these claims later in magistrate court because her recovery in that court would have been restricted due to the jurisdictional limit. But nothing would have prevented her from raising these claims in magistrate court and then moving the court to transfer the action to state court. See OCGA § 15-10-45 (d).

We find merit, however, in Stringer's contention that res judicata did not bar her claims because the cause of action in the dispossessory in magistrate court was based upon her failure to pay rent,

while the cause of action in this suit was based upon the fraud committed by Bugg and the injuries caused by the forcible eviction.

OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-42 provides: "For a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated."

> These code sections together set out the basic principles of res judicata in Georgia. For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical.

(Punctuation omitted.) *Macko v. City of Lawrenceville*, 231 Ga. App. 671, 672 (1) (499 SE2d 707) (1998). Here, the dispossessory action in magistrate court and the superior court action clearly had identical parties. We conclude, however, that the causes of action were not identical.

"Separate actions involve the 'same cause' where the relief requested relates to substantially the same set of facts." (Citation and punctuation omitted.) *Liner v. North*, 184 Ga. App. 74, 75 (360 SE2d 637) (1987). But this court has found no identity of causes of action when a prior suit was based upon an account and the action in issue was brought on a written guaranty, even though both arose from the same debt. *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (1) (420 SE2d 756) (1992). We found no identity of causes of action between a prior suit for damages brought by a husband for personal injury to a child, and a later wrongful death suit brought by the wife based upon the same wrongful act. *Winding River Village Condo. Assn. v. Barnett*, 218 Ga. App. 35, 36-37 (1) (459 SE2d 569) (1995).

Here, some of the same facts that form the basis of Stringer's action against Bugg are also the basis of the original dispossessory action. But Bugg's conduct after swearing out the dispossessory warrant was not relevant to the original action in magistrate court, and indeed had not yet taken place. Bugg's entry into an agreement with Stringer not to evict her, his obtaining a writ of possession without informing the magistrate court of the agreement, placing Stringer's personal property on the street, and other conduct not at issue in the original action form the subject matter of Stringer's suit against Bugg. Because the relief requested in Stringer's action depends upon a completely different set of facts, no identity of cause of action

exists. The trial court erred in granting summary judgment to Bugg on the ground that res judicata barred Stringer's action.

3. Stringer contends the trial court erred in denying her motion for summary judgment because the facts determined by the magistrate court support such an award, and the doctrine of collateral estoppel precludes Bugg from contesting those facts. Bugg argues that the magistrate court had no authority to enter these findings on April 10, 1998, 36 days after the writ had been set aside and the dispossessory action dismissed with prejudice. We need not consider this issue because even if the findings are considered, they do not establish all the elements of each of the claims raised by Stringer. The transcript of the hearing in magistrate court shows that questions of fact remain regarding several issues: whether consideration existed for the agreement, whether a trespass was committed by Bugg when he took possession of the premises at a time when he had been issued a writ of possession, whether Bugg exercised authority over certain other personalty belonging to Stringer and refused to allow her to remove these possessions from the premises, and whether all the elements existed for a claim of fraud. Stringer's claims were not adjudicated in the magistrate court, even assuming that some or all of them were raised. The trial court therefore did not err in denying Stringer's motion for summary judgment on her claims.

*Judgment affirmed in part and reversed in part. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 12, 2002 —
RECONSIDERATION DENIED APRIL 8, 2002 — 

*Strickland, Chesnutt & Lindsay, James M. Green*, for appellant. *Victor Y. Johnson*, for appellee.