A03A1089. VICKERS v. MERRY LAND & INVESTMENT COMPANY, INC. et al.
(587 SE2d 816)

ANDREWS, Presiding Judge.

Traci Ann Vickers sued Merry Land & Investment Company, Inc. (Merry Land), Renters Reference Services, Inc. (Renters), and Equity Residential Properties Management Limited Partnership (Equity Partnership) for wrongly dispossessing her from her apartment. The trial court granted summary judgment to Merry Land, Renters, and Equity Partnership. Vickers appeals, and we affirm for the reasons set forth below.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. Id. Our

review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

The evidence shows that Vickers rented Apartment 121 of the Chatelaine Park Apartments (the Apartments) under a lease dated March 30, 1999. The lease identified the lessor as Equity Partnership, "as agent for the owner of [the Apartments]." Vickers failed to pay her rent for the month of May 1999. Jennifer Garrison, then the assistant manager of the Apartments, averred that on May 7, 1999, she prepared and delivered to Vickers a letter serving as notice and demand for possession of Apartment 121. Garrison also averred that Vickers acknowledged receipt of the notice and promised to pay the amounts she owed before the eviction, although she did not do so.

On or about May 10, 1999, the Apartment managers asked Renters to begin dispossessory proceedings against Vickers. On May 12, 1999, Renters, purporting to act as agent for Merry Land, filed a dispossessory action in Merry Land's name against Vickers in the Magistrate Court of Gwinnett County. A sheriff's deputy posted a copy of the proceedings on Vickers's door on May 19, 1999, and mailed her another copy. Vickers failed to answer, and on June 1, 1999, the magistrate issued a writ of possession granting Merry Land possession of the apartment.

1. The legislature has enacted a procedure for the summary dispossession of tenants who may hold over beyond the lease term or who fail to pay rent. See OCGA §§ 44-7-50 through 44-7-59.

> Under OCGA § 44-7-50 . . . an owner taking possession of the premises from his tenant is required to follow certain procedures. . . . If the owner forcibly dispossesses a tenant without following these procedures, the owner is subject to an action for trespass.

(Citation and punctuation omitted.) *Owens v. BarclaysAmerican/Mtg. Corp.*, 218 Ga. App. 160, 162 (2) (460 SE2d 835) (1995). Relying on *Owens*, Vickers argues that she has a trespass claim against the defendants because they pursued a dispossessory action without properly following the procedures of OCGA § 44-7-50. We disagree. The tenant in *Owens* was not dispossessed pursuant to an action filed under OCGA § 44-7-50. Neither was the tenant in *Swift Loan &c. Co. v. Duncan*, 195 Ga. App. 556 (394 SE2d 356) (1990), which was relied upon in *Owens*. In contrast, Vickers was dispossessed through a legal action pursued under authority of OCGA § 44-7-50. A writ of possession was issued by the magistrate. The lawfulness of Vickers's dispossession is apparent on its face.

Vickers nevertheless maintains that at the time the dispossession action was filed that Merry Land did not exist as a recognized legal entity. Vickers contends that if the dispossessory proceedings were filed in the name of a nonexistent party, then a trier of fact could conclude that the defendants breached a duty to dispossess Vickers in accordance with the proper statutory procedure. She also argues that the dispossessory proceedings were a nullity.

While the defendants strongly contest Vickers's claim that Merry Land was not a legal entity when the dispossessory action was filed, the record does provide some support for Vickers's position. In an affidavit submitted in support of Merry Land's and Equity Partnership's motion for summary judgment, Joel Davis, an officer of Equity Residential Properties Trust, averred that, "[p]rior to May 1, 1999, [Merry Land] was the owner and operator of Chatelaine Park Apartments in Gwinnett County, Georgia. On or about October 19, 1998, Merry Land merged with and into Equity Residential Properties Trust." As a general principle of corporate law, when there is a merger "the separate existence of every corporation except the surviving corporation or entity ceases." OCGA § 14-3-1105.

If Vickers had successfully raised the issue of Merry Land's legal existence during the dispossessory proceeding, then the action may have been subject to dismissal. See *Brand v. Southern Employment Svc.*, 247 Ga. App. 638 (545 SE2d 67) (2001) (an action cannot be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing). Once judgment is entered, however, a party is generally estopped from contesting it. See, e.g., *Clark Bros. v. Wyche*, 126 Ga. 24, 27 (54 SE 909) (1906) (real party in interest estopped from challenging judgment although suit was maintained under an assumed name). In any event, Vickers may not revisit the factual basis for the dispossessory proceeding. Under OCGA § 44-7-53 (a), because Vickers failed to answer, Merry Land was "entitled to a verdict and judgment by default for all rents due, in open court or in chambers, as if every item and paragraph of the affidavit provided for in Code Section 44-7-50 were supported by proper evidence, without the intervention of a jury." Renters's affidavit averred, among other things, that the Apartments were the property of the plaintiff, Merry Land, a fact which necessarily shows that Merry Land existed. Accordingly, the issue of Merry Land's existence is foreclosed for purposes of whether Vickers was lawfully dispossessed. "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." *Gen. Elec. Capital Computer Svcs. v. Gwinnett County Bd. of Tax Assessors*, 240 Ga. App. 629, 630-631 (1) (523 SE2d 651) (1999).

We note that if Vickers's claim in this action relied on facts which differed from those necessary for the determination of the dispossessory proceeding, we may have reached a different result. Vickers does not, however, pursue a claim for fraud, malicious dispossession, abuse of process, or other cause of action which would differentiate the issues in this proceeding from the previous one. See *Stringer v. Bugg*, 254 Ga. App. 745, 748-749 (2) (563 SE2d 447) (2002) (action based on fraud not res judicata to previous dispossession action); *Smith v. Republic Realty Svc.*, 216 Ga. App. 736, 737 (456 SE2d 55) (1995) (differentiating claim of wrongful eviction from claim of malicious eviction).

2. Vickers also maintains that the trial court erred in granting summary judgment to Renters on the grounds that Renters was acting as a disclosed agent to Merry Land. Vickers argues that Renters committed an independent tort in pursuing an unlawful dispossession. But Vickers does not show she was unlawfully dispossessed. The trial court did not err in granting summary judgment to Renters.

3. Vickers also claims that she was not properly served in the dispossessory action because the evidence showed that there was no reasonable effort made to find anyone residing in the premises before the use of the "tack and mail" procedure. Evidence shows, however, that the deputy who served Vickers did not tack the summons to Vickers's door until after knocking in an attempt to personally serve her. Vickers also claims that the dispossessory warrant was issued before the time given to her to answer, and that there is a question of fact as to whether a demand for payment was made before the dispossessory proceedings were instituted. But it appears from the record that such a demand for payment was made. As to the question of the time for Vickers to answer, she was served by process on May 19, 1999, and the writ of possession was issued on June 1, 1999. OCGA § 44-7-51 (b) gave Vickers seven days to answer, but she did not do so within that time. In any case, Vickers has not shown the type of defect in the previous proceedings, such as lack of jurisdiction, which would afford her a basis for a collateral attack. See, e.g., *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609-610 (1) (547 SE2d 802) (2001).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 22, 2003.

*Betts & Katz, David E. Betts*, for appellant.

*Quirk & Quirk, Joseph P. Quirk, Brendan H. Parnell*, for appellees.