**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 7, 2023**

# In the Court of Appeals of Georgia

A23A0568. LESLIE v. 1125 HAMMOND, LP et al.

MILLER, Presiding Judge.

This case involves a dispute between a tenant and a landlord over whether the landlord made reasonable accommodations for the tenant's disability. After Kyron Leslie, a tenant who suffers from PTSD, was evicted for failure to pay rent, he filed the instant lawsuit alleging housing discrimination under the Fair Housing Act, 42 U. S. C. § 3601, et seq., and Georgia's Fair Housing Act, OCGA § 8-3-202, and a violation of the Georgia Fair Business Practices Act ("FBPA"), OCGA § 10-1-393, based on the apartment's responses to his accommodation requests to move the due date for his rent and to waive the pet fees for his service animal. The trial court denied Leslie's motion for summary judgment and granted summary judgment to the apartment complex, and Leslie appeals from these rulings.

After reviewing the record and the relevant law, we conclude that (1) there are no fact issues remaining as to Leslie's claims for the failure to accommodate because there is no evidence that the apartment complex ever refused his request for a service animal or took any negative actions against him for his service animal; (2) Leslie abandoned his claim for failure to accommodate based on his request to move the due date for his rent; and that (3) Leslie's FBPA claim fails because this case involves private accommodations and is not based on wrongs to the consuming public generally. Therefore, we affirm the trial court's judgment.

"On appeal, we review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Doe v. Roe*, 362 Ga. App. 23, 26 (3) (864 SE2d 206) (2021).

So viewed, the record shows that Leslie was a resident at the Citizens Perimeter apartment complex in Sandy Springs, Georgia. In 2018, Leslie tendered two reasonable accommodation requests based on his PTSD to the then managing company, Bozzuto Management, asking to waive the pet fees and/or the pet deposit for his service animal and to move the due date for his rent from the 1st of the month to the 15th of the month. Bozzuto apparently agreed to both accommodations. In July 2019, defendant 1125 Hammond, LP, doing business as Sync Residential ("Sync

2

Residential"), assumed management duties of the complex and changed the name of the complex to Sync Apartments. During the transition, Bozzuto did not inform Sync Residential of Leslie's accommodations.

On July 23, 2019, Leslie sent a letter requesting that the pet fee or pet deposits be waived for his service animal. Sync Residential, however, never replied to the letter, and after 4-6 months of waiting, Leslie gave the dog away.

After Leslie failed to pay rent for the months of July and August 2019, Sync Residential brought a dispossessory action to evict Leslie. As part of the action, the parties reached an agreement wherein Leslie paid the outstanding balance by September 25, 2019. During the action, Sync Residential learned of Leslie's accommodation request to pay rent by the 15th of each month and granted the accommodation. Leslie continued to make payments until his December 2019 payment was reversed by his bank for insufficient funds. Sync Residential filed a second dispossessory action in January 2020 which was resolved when Leslie agreed to pay the outstanding balance and move out of the complex by the end of May 2020. Due to the COVID-19 Pandemic and various orders imposing a moratorium on evictions, Leslie did not leave the complex until June 2021.

Leslie brought this action against Sync Residential, alleging that their failure to grant him reasonable accommodations for his service animal and to move the due date for the rent violated the Fair Housing Act, Georgia's Fair Housing Act, and the FBPA.[1] After the parties filed cross-motions for summary judgment, the trial court granted summary judgment to Sync Residential on all of Leslie's claims.[2] The trial court first concluded that Leslie's Fair Housing Act claim for the failure to move the rent date failed because the record conclusively showed that Sync Residential granted him this benefit. The trial court also concluded that his Fair Housing Act claim for the failure to accommodate his service dog failed because he could not show that Sync Residential ever refused his accommodation request. The trial court further concluded that the FBPA did not apply to Leslie's accommodation requests because a violation of the Housing Act did not automatically constitute a violation of the FBPA and because this case involved only a private transaction and did not involve damage to the consuming public as a whole. This appeal followed.

---

[1] Although Leslie also raised a claim for retaliation under the Fair Housing Act and a claim for negligence related to a storage unit that he alleges was broken into, the trial court granted summary judgment to Sync Residential on those claims, and he does not challenge their dismissal on appeal.

[2] Sync Residential filed a counterclaim to collect on the amount of rent due, which remains pending.

1. In two enumerations of error, Leslie argues that the trial court erred by granting summary judgment on his claims for housing discrimination based on Sync Residential's alleged refusal of his requested accommodations to waive the pet fees for his service animal and to pay his rent at a later date. The trial court correctly concluded that no fact issues remain on these claims.

Under the Georgia Fair Housing Act,[3] it is a discriminatory housing practice to "refus[e] to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" OCGA § 8-3-202 (a) (7) (B) (ii).

> A successful failure-to-accommodate claim has four elements. To prevail, one must prove that (1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation.

---

[3] "Given that the Georgia Fair Housing Act and the FHA are nearly identical, we consider federal cases construing the FHA persuasive precedent" when considering a claim under the Georgia Fair Housing Act. *Bailey v. Stonecrest Condo. Assn.*, 304 Ga. App. 484, 487 (1) n.3 (696 SE2d 462) (2010).

(Citation omitted.) *Bhogaita v. Altamonte Heights Condo. Assn.*, 765 F3d 1277, 1285 (IV) (11th Cir. 2014).

(a) As for Leslie's claim based on his service animal, the trial court correctly granted summary judgment because no genuine issues of material fact remain.

As an initial matter, it appears that Leslie has failed to show that his requested accommodation to waive the pet fees for his dog was "necessary to afford him an opportunity to use and enjoy his dwelling." *Bhogaita*, supra, 765 F3d at 1285 (IV). A "necessary" accommodation is one that "alleviates the effects of a disability," and a plaintiff must "show, at a minimum, that the accommodation affirmatively enhances his quality of life by ameliorating (or reducing) the effects of his disability." (Citation omitted.) Id. at 1288 (IV) (C). Here, Leslie's requested accommodation was not itself to have a service dog (as that was apparently already allowed), but he instead requested that Sync Residential waive any relevant pet fees for the dog. Leslie has not shown that waiving the pet fees would itself "alleviate the effect of his disability" any further than the benefit already provided by having the service dog. Compare *Bhogaita*, supra, 765 F3d at 1289 (IV) (C) (plaintiff challenging the complete refusal of the possession of a service dog showed that having a service dog was a necessary accommodation because the dog would alleviate the effects of his PTSD). Leslie has

6

not pointed to evidence that he lacks the reasonable financial capability to pay the pet fees, whether because of his disability or otherwise.[4] Leslie only points to evidence that he receives disability payments from the Social Security Administration, but he provides no further evidence to show that he receives no other source of income or that he otherwise cannot pay the pet fees. Leslie's reliance on *Schaw v. Habitat for Humanity of Citrus County, Inc.*, 938 F3d 1259 (11th Cir. 2019), is also inapposite because the plaintiff in that case "didn't ask [his landlord] to lower its minimum-income requirement or to accept any less than usual in terms of payment or interest" but instead simply sought to make the payments via another method. Id. at 1268 (II) (A) (2). Thus, it appears that Leslie has failed to show that his request to waive the pet fees was necessary to accommodate his PTSD.

In any event, the trial court correctly concluded that there is a lack of evidence that Sync Residential actually refused Leslie's request for an accommodation for his

---

[4] There appears to be a circuit split in federal courts as to whether disabled persons can make out a failure to accommodate claim based on their inability to pay when their ability to pay has been compromised by their disability. Compare, e.g., *Giebeler v. M&B Assocs.*, 343 F3d 1143, 1154-1155 (B) (4) (9th Cir. 2003) (concluding that such claims are viable) with *Hemisphere Building Co. v. Village of Richton Park*, 171 F3d 437, 440-441 (7th Cir. 1999) (concluding that they are not); *Salute v. Stratford Greens Garden Apartments*, 136 F3d 293, 301-302 (B) (2) (2d Cir. 1998) (same). We need not reach this question, however.

service dog. Here, according to Leslie's affidavit, he submitted a request for accommodation for his service dog, waited four to six months without obtaining a reply, and then gave his dog away before obtaining an official reply to his request from Sync Residential.[5] To bring a failure to accommodate claim, "a plaintiff must actually request an accommodation *and be refused* in order to bring a reasonable accommodation claim[,]" (Emphasis supplied.) *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (II) (D) (1) (11th Cir. 2008), and it is undisputed that Sync Residential never resolved Leslie's claim for an accommodation, much less refused it.

That said, however, in construing the federal Fair Housing Act, the Eleventh Circuit has held that, while "[t]he FHA does not demand that housing providers immediately grant all requests for accommodation[,] . . . [t]he failure to make a timely determination after meaningful review amounts to constructive denial of a requested accommodation, as an indeterminate delay has the same effect as an outright denial."

---

[5] Sync Residential strongly disputes whether Leslie actually requested an accommodation, as Sync denies that it ever received a service animal request. "[A]t the summary-judgment stage," however, "we do not resolve disputed facts, reconcile the issues, weigh the evidence, or determine its credibility[.]" (Citation omitted.) *Brack v. CPPI of Ga., LLC*, 357 Ga. App. 744, 745-746 (849 SE2d 521) (2020). We must therefore assume at this stage that a request was actually made.

(Citation and punctuation omitted.) *Bhogaita*, supra, 765 F.3d at 1285-1286 (IV) (A). In *Bhogaita*, for instance, the main case on which Leslie relies, the Eleventh Circuit held that a housing association's six month delay in considering whether to grant a person's request for a service animal could be constituted as a constructive denial of the person's request for reasonable accommodation. See id. at 1285-1287 (IV) (A).

*Bhogaita* is distinguishable on its facts, however. In *Bhogaita*, the housing association had determined that the plaintiff's service animal was in violation of the rules because it was too large, and the association had sent an official demand to the plaintiff to remove his dog. 765 F3d at 1281. Thus, the housing association's silence after the plaintiff sent letters requesting that an accommodation be made for his service animal could reasonably be construed as an effective denial of his request because it had already made an effective ruling that was inconsistent with his request. See id. at 1285-1286 (IV) (A). The housing association's delay in ruling on the request was also specious because it continually asked for irrelevant information when the plaintiff had already provided all the necessary details to rule on the accommodation request. See id. In this case, however, Leslie's dog was not allegedly in violation of any rules; instead, he sought an accommodation that waived any applicable fees for having a pet. Crucially, Leslie did not submit testimony or

9

evidence that Sync Residential ever required him to pay any pet fees for his service animal, nor are there any pet fees specifically delineated on Leslie's account statement. There is also no evidence that Sync Residential ever demanded that Leslie's animal be removed. There being no evidence that Sync Residential ever took any actions inconsistent with Leslie's accommodation request, or that it ever effectively denied him of his requested benefit, its alleged delay in responding to his request cannot be said to amount to a "constructive refusal" of that request. See *Dubois v. Assn. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (II) (A) (9th Cir. 2006) (failure to accommodate claim failed as a matter of law where the plaintiffs had been granted a temporary exception to a pet rule while their request to waive the rule for their service animal was pending, and the condo association's three year delay in ruling on the accommodation request did not amount to a "refusal" of the request because the plaintiffs effectively had the benefit of the accommodation during the delay). The trial court correctly granted summary judgment on this claim.

(b) Leslie also challenges the trial court's grant of summary judgment on his claim that Sync Residential failed to accommodate him by granting his request to pay his rent at a later date. However, Leslie only challenges the trial court's alternative holding that his alleged disability did not interfere with his ability to timely pay rent.

10

He does not meaningfully challenge the trial court's primary holding that there was no discrimination because Sync Residential immediately granted Leslie's request for an accommodation by changing the due date for his rent. Indeed, the only mention of this point in Leslie's brief is a citation in the fact section to a late fee that was assessed in October 2019, but he offers no meaningful argument based on this late fee. Because Leslie does not therefore challenge all of the independent bases underlying the trial court's ruling, we are required to affirm because "[i]ssuing an opinion . . . under these circumstances would be, in essence, rendering an advisory opinion on a moot point." (Citation omitted.) *Ambati v. Bd. of Regents*, 313 Ga. App. 282, 283 (721 SE2d 148) (2011); see Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

2. Leslie finally argues that the trial court erred by granting summary judgment on his claim under the FBPA. The trial court correctly determined that the FBPA does not apply to this matter.

> The Fair Business Practices Act is intended to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce. The FBPA forbids and declares unlawful any unfair or deceptive acts or practices in the conduct of

11

consumer transactions and consumer acts or practices in trade or commerce. The stated intent of the FBPA is to protect the public from acts and practices which are injurious to consumers, not to provide an additional remedy for private wrongs which do not and could not affect the consuming public generally. Thus, the scope of the FBPA is limited to acts in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

(Citations and punctuation omitted.) *Henderson v. Gandy*, 270 Ga. App. 827, 829-830 (4) (608 SE2d 248) (2004).

[E]ven though the plaintiff may be a "consumer" with regard to the transaction, if the deceptive or unfair act or practice had or has no potential for harm to the general consuming public, the allegedly wrongful act of the defendant was not made in the context of the consumer marketplace. Unless it can be said that the defendant's actions had or has potential harm for the consumer public the act or practice cannot be said to have "impact" on the consumer marketplace and any act or practice which is outside that context, no matter how unfair or deceptive, is not directly regulated by the FBPA. When a "consumer" suffers damage as the result of an unfair or deceptive act or practice which had or has potential impact solely upon him and which is not and could not be a source of damage to any other member of the consuming public, there is no public interest to be served by proceeding under the FBPA, and the aggrieved party is relegated to pursuit of relief under other statutory or common law principles.

12

(Citations and punctuation omitted.) *Zeeman v. Black*, 156 Ga. App. 82, 84-85 (273 SE2d 910) (1980).

Here, this case involves the apartment complex's alleged denial of reasonable accommodations that are specific to Leslie alone, and it does not involve any promises or representations that were held out to the general consumer public at large. As such, they do not involve harm to the consuming public generally, and so they do not invoke the FBPA. See *Zeeman*, 156 Ga. App. at 86 (allegedly false representation by real estate agent that was only made as part of a specific transaction and was not part of their general business practice did not constitute a covered consumer transaction under the FBPA). Leslie's citations to *Stringer v. Bugg*, 254 Ga. App. 745 (563 SE2d 447) (2002), and *Horne v. Harbour Portfolio VI, LP*, 304 FSupp3d 1332 (N. D. Ga. 2018), for the proposition that the FBPA covers real estate transactions misses the point that this was a purely private agreement not applicable to the general public, a situation that was not present in either of the cases he relies upon. Accordingly, the trial court correctly granted summary judgment on Leslie's FBPA claim.

For the above reasons, we affirm the trial court's grant of summary judgment to Sync Residential.

*Judgment affirmed. Doyle, P. J., and Mercier, J., concur.*