31413. RABY et al. v. MINSHEW et al.

JORDAN, Justice.

Appellees sought a declaratory judgment for the construction of a will. Appellants answered and moved for a judgment on the pleadings which was denied. We granted appellants' application for interlocutory appeal and now reverse the judgment of the trial court.

The parties are the children of Ronald O. Raby, the testator. Appellants are the legatees under Item 3 of the will and also the executors of the will which was probated in solemn form. No caveat or appeal was filed from said probate.

Item 3 of the will reads as follows: "I will, devise and bequeath unto my son, William A. Raby and my daughter, Aline Graham all of my property, subject to the following special devises and bequests, hereinafter listed to be theirs share and share alike after expenses of funeral are paid."

Item 5 of the will is as follows: "The condition of this will is that my son, William A. Raby and my daughter Aline Graham shall take care of their mother and my beloved wife and make a home for her during her natural life."

The testator's wife predeceased him and appellees' complaint alleges that the appellants failed to carry out the conditions imposed by Item 5 of the will.

1. The appellants' claim of res judicata is without merit. The only issue before the probate court was devisavit vel non. This complaint does not seek to controvert the judgment of probate but complains only that a bequest in the will has lapsed for failure to satisfy a condition thereof. See *Smith v. Davis,* 203 Ga. 175 (45 SE2d 609) (1947) and cases cited therein.

2. Appellants' contention that the complaint does not state a claim for declaratory relief or fails to state a claim for equitable relief is likewise without merit. The petition stated a cause of action for construction of the will and for an injunction to prevent loss or injury pending such relief. See *Brewton v. McLeod,* 216 Ga. 686, 693 (119 SE2d 105) (1961).

3. Appellants contend that the trial court should

have granted their motion for judgment on the pleadings because Item 5 of the will sets forth a condition subsequent (made impossible by the death of the mother before the death of the testator), rather than a condition precedent. After studying the will and applying the rule of construction that conditions subsequent are to be favored over conditions precedent (Code Ann. § 85-902; *Jossey v. Brown,* 119 Ga. 758 (47 SE 350) (1904)), we must agree with appellants. The performance of the condition subsequent having been made impossible, the condition is excused and the estate granted by Item 3 of the will is absolute. *Harrison v. Harrison,* 105 Ga. 517 (31 SE 455) (1898); 2 W. Blackstone, Commentaries 156, 157. The trial court therefore erred in overruling appellants' motion for judgment on the pleadings.

*Judgment reversed and remanded with direction to enter judgment on the pleadings for appellants. All the Justices concur.*

SUBMITTED AUGUST 13, 1976 — DECIDED DECEMBER 1, 1976.

*Jay, Garden & Sherrell, John Edward Smith, III,* for appellants.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellees.