S89A0392. McCRACKEN v. CITY OF COLLEGE PARK.

(384 SE2d 648)

GREGORY, Justice.

This appeal arises from the superior court's grant of summary judgment in favor of the city and the denial of summary judgment for McCracken. McCracken argues the trial court's judgments are in error because it abused its discretion in opening default, because *res judicata* does not bar this action, and because the ordinance, under which her beer and wine license was suspended, is unconstitutional. We affirm.

This case arose after one of McCracken's employees sold beer to a minor without checking the minor's identification. This was in violation of Section 3-45 (d) of the Code of Ordinances of the City of College Park.[1] The mayor and council of the city held a hearing to ascertain the facts concerning the violation and voted to suspend her license for 120 days. McCracken then filed a writ of certiorari to the superior court. On the same day that the superior court dismissed the writ and affirmed the judgment, McCracken filed an action for an injunction and for damages sustained as a result of the enforcement of the ordinance. The city failed to answer after receiving assurances from McCracken's counsel in the certiorari proceedings that this second action would be dismissed. After learning that McCracken had not dismissed the second action, the city moved to open default. Some time after moving to open default, but before the court rendered its order opening default, the city paid the required costs.

1. McCracken contends that it was error to open default because

---

[1] This ordinance permits the revocation of an alcoholic-beverage license when the licensee or an agent sells an alcoholic beverage to a minor after failing to check the purchaser's identification.

the city did not pay the required costs at the time it moved to open default and because the trial court abused its discretion. The first argument is without merit as the movant is only required to pay costs before the order granting the motion is entered. *Copeland v. Carter*, 247 Ga. 542 (277 SE2d 500) (1981). In its order opening default, the trial court found that the conditions for opening default, as set forth in OCGA § 9-11-55 (b), had been met, and our review of the record shows no abuse of discretion. See *Clements v. United Equity Corp.*, 125 Ga. App. 711 (188 SE2d 923) (1972).

2. "In order for the res judicata doctrine to apply, three prerequisites must be established: (1) identity of parties; (2) identity of the cause of action; and (3) prior adjudication by a court of competent jurisdiction." *State Bar of Ga. v. Beazley*, 256 Ga. 561, 562 (350 SE2d 422) (1986). McCracken argues that the doctrine does not bar this action because the latter two prerequisites are not met. We disagree.

McCracken contends that there are two separate causes of action because one action was a certiorari while the instant action is a suit in equity and a claim for damages. In these two actions, however, only one wrong is complained of, namely, the enforcement of an allegedly unconstitutional ordinance. The principal difference between the two actions is the nature of the relief sought. Therefore, the second prerequisite is met because

> [s]o long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same, [cit.] and it makes no difference that the remedy sought to be applied under different procedures growing out of the same wrong may be different.

*Hamlin v. Johns*, 41 Ga. App. 91 (2) (151 SE 815) (1929).

McCracken contends that there has been no final adjudication of the merits in a court of competent jurisdiction because her application to appeal from the superior court to the Court of Appeals in the certiorari action was denied. That is, she contends that because neither this Court nor the Court of Appeals has reviewed the constitutionality of the ordinance, *res judicata* should not bar this action. OCGA § 9-12-40 does not require appellate review of a judgment before it can act as a bar to a later action. See *Quarterman v. Memorial Med. Center*, 176 Ga. App. 92 (2) (335 SE2d 589) (1985). Further, the Court of Appeals afforded the limited review of OCGA § 5-6-35. Therefore, because the superior court in the certiorari action has adjudicated the dispute between McCracken and the city, all the prerequisites for *res judicata* are met, and this action is barred.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1989.

*Kirby G. Bailey,* for appellant.
*Glaze, Fincher & Bray, George E. Glaze, Steven M. Fincher, Laurel E. Henderson,* for appellee.