S90A0879. STIEFEL et al. v. SCHICK et al.

(398 SE2d 194)

BELL, Justice.

The plaintiffs-appellants, Stiefel and Freimark, and the defendants-appellees, Schick and Forman, were business partners. Appellants sued the appellees for a declaration that each appellant owned part of the partnership. Appellant Stiefel also filed a claim for fraud. Appellees counterclaimed, inter alia, for compensatory damages for fraud and "punitive" (exemplary) damages. After the trial court directed a verdict against Stiefel on his claim for fraud, the jury returned a verdict finding that appellants had no interest in the partnership. The jury also awarded appellees one dollar in nominal damages and $50,000 in punitive damages. After judgment was entered on the verdict, Stiefel appealed the directed verdict and both appellants appealed the award of punitive damages.[1] We affirm the directed verdict, and reverse the award of punitive damages.

1. The first contention (which is raised only by appellant Stiefel) is that the trial court erred by directing a verdict in favor of the appellees on Stiefel's fraud claim. We find this contention has no merit.

Stiefel based his claim on his contention that appellees obtained his signature on a letter of intent by falsely representing in the letter that the partnership lacked sufficient funds to pay the mortgage on certain real property.[2] We conclude the trial court did not err by

---

[1] Appellants did not appeal the declaration that they have no interest in the partnership.

[2] We have noted Stiefel's argument that he also based his claim for fraud on other alleged frauds by appellees. However, at trial he testified that the sole misrepresentation upon

granting a directed verdict on this claim. "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). During his testimony Stiefel admitted that more than four years before he filed suit he learned the representation was false. We find any cause of action that may have accrued during the period before he discovered the falsity of the representation is barred by the applicable statute of limitation, OCGA § 9-3-31. Any claim allegedly accruing after he discovered the falsity of the representation fails for lack of justifiable reliance.

2. Both appellants contend that the awards of nominal and punitive damages are improper. We find this enumeration has merit.

Appellees based their counterclaim for fraud on an alleged false representation by appellants in the letter of intent, and appellees based their claim for punitive damages solely upon this alleged fraud. The jury returned a verdict awarding appellees one dollar in damages on their fraud claim and $50,000 in punitive damages. On appeal, appellants argue that these awards must be set aside because the jury found no actual damages resulting from appellants' alleged fraud.

We agree with appellants. The rule is that an award of nominal damages for fraud is improper, as "[t]o establish a cause of action for fraud, a [party] must show that actual damages, not simply nominal damages, flowed from the fraud alleged." *Glynn County Federal Employees Credit Union v. Peagler*, 256 Ga. 342, 344 (2) (348 SE2d 628) (1986). Moreover, a party is not entitled to punitive damages if the party fails to set out a cause of action in tort. Id. (4) at 344-345. Applying these principles to the facts of this case, we hold the award of nominal damages established that appellees failed to show actual damages flowed from the alleged fraud, and hence that they failed to set out a cause of action for fraud. Accordingly, we reverse the judgment, insofar as it awards nominal and punitive damages to appellees.[3]

3. The appellants' remaining enumerations are mooted by our holdings in the first two divisions of this opinion, and therefore will

---

which he based his claim for fraud was the alleged misrepresentation in the letter of intent concerning the ability of the partnership to pay the mortgage. Because at trial he limited his claim for fraud to this single asserted misrepresentation, he will not be heard on appeal to rely on any other alleged misrepresentations.

[3] We note that appellees' cause of action for fraud arose before July 1, 1987, and is therefore governed by OCGA § 51-12-5, rather than OCGA § 51-12-5.1. We further note that, since the amount of punitive damages was 50,000 times the amount of nominal damages, it is possible that the jury awarded punitive damages for the impermissible purpose of punishing, rather than deterring, the appellants. *WHM, Inc. v. Thomas*, 260 Ga. 654 (___ SE2d ___) (1990). However, appellants have not raised this issue, and we therefore do not address it.

not be addressed by this Court.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED DECEMBER 3, 1990 —
RECONSIDERATION DENIED DECEMBER 19, 1990.

*Jones, Day, Reavis & Pogue, R. Matthew Martin,* for appellants.
*Glass, McCullough, Sherill & Harrold, Terrence McQuade, L. James Weil, Jr.,* for appellees.