## S95A0986. TUCKER v. ADDISON.
(458 SE2d 653)

CARLEY, Justice.

Appellant Daniel Tucker moved onto land owned by his grandmother and, upon her death in 1980, title to the land passed under her will to appellant's father, Ben Tucker. In 1981 and 1983, Ben Tucker executed security deeds conveying legal title to the property to appellee and, when he subsequently defaulted on the underlying loans, executed a deed to appellee in lieu of foreclosure. Thereafter, appellant brought an action seeking to set aside and cancel this deed from his father to appellee. On cross-motions for summary judgment, the trial court granted summary judgment in favor of appellee. It is from this order that appellant appeals.

1. In his deposition, appellant testified that, before he moved onto the land, his grandmother indicated that he could have it and, after he moved onto the land, she told him that it would be his if he fenced it. Appellant contends that this evidence shows that his grandmother made a valid parol gift of the land to him pursuant to OCGA § 44-5-80.

Among other elements, OCGA § 44-5-80 requires a showing that the donor "intend to give the gift." This requirement relates to the donor's intention to make a gift of the property, "that is to transfer some present immediate interest, as distinguished from a mere intention to give in the future, or from a gift testamentary in character. [Cits.]" *Cannon v. Williams,* 194 Ga. 808, 812 (2) (a) (22 SE2d 838) (1942). A valid inter vivos gift must operate " ' "in the donor's lifetime, immediately and irrevocably; it is a gift executed; no further act of parties, no contingency of death or otherwise, is needed to give it effect." [Cit.]' " *Guest v. Stone,* 206 Ga. 239, 241 (56 SE2d 247) (1949). See also *Drake v. Wayne,* 52 Ga. App. 654, 659-660 (184 SE 339) (1936).

Appellant's deposition testimony shows that his grandmother merely made "a proposal for future action. It did not purport to be a gift in praesenti." *Barfield v. Hilton,* 238 Ga. 150, 152 (231 SE2d 755) (1977). She indicated that he "could have" the land if he moved onto

it and, after he had done so, she indicated that the land "would be" his if he fenced it. Moreover, her lack of any present intent to make a gift of the land to appellant is demonstrated by the fact that she devised it to appellant's father. Therefore, the undisputed evidence shows that appellant's grandmother did not make a valid parol gift of the land to him and that no genuine issue of material fact remains as to his claim under OCGA § 44-5-80.

2. In the alternative, appellant contends that he received title to the land by way of a presumptive gift from his father pursuant to OCGA § 44-5-85. For the conclusive presumption of OCGA § 44-5-85 to apply, the child must be in exclusive possession of the parent's land for seven years. In a case where reliance is placed upon this Code section, "the child obtains no title until he obtains full title, and in the present case title was conveyed from the father before any had ripened in the son." *Harden v. Morton*, 195 Ga. 471, 473 (1) (24 SE2d 685) (1943). Before appellant had been in possession for seven years, his father conveyed legal title to the property to appellee by security deeds and legal title never returned to the father. Therefore, the undisputed evidence shows that appellant did not receive title through a presumptive gift from his father and that no genuine issue of material fact remains as to his claim under OCGA § 44-5-85.

*Judgment affirmed. Benham, C. J., Fletcher, P. J., Sears, Hunstein and Thompson, JJ., concur.*

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 28, 1995.

*Thomas M. Strickland,* for appellant.
*Heard, Leverett, Phelps, Weaver & Campbell, E. Freeman Leverett,* for appellee.