A98A0627. McGRAW et al. v. SMITH.
(502 SE2d 347)

Judge Harold R. Banke.

The underlying case centers on the terms of the will of Jeff Smith which left the bulk of his estate of about 137 acres, including timber, to one child, Clarence Smith, and also named him executor.[1] To his many other children, the will left primarily only $4,000 each. Clarence Smith's sister, Margaret Rankowitz, and other siblings, filed a caveat to the will. The caveators contended that Jeff Smith intended for his property to be equally divided among his children, that the signature on the will had been obtained by fraud or was not authentic, and that the purported will was the result of incompetence, fraud, mistake of fact, or undue influence. After the probate court admitted the will as proven in solemn form, the caveators

---

[1] The Supreme Court transferred this case to this Court on finding that the issues involving equity were ancillary to the main legal issues.

appealed to the superior court. A jury determined that the document at issue was the last will and testament of Jeff Smith. The dismissal of the caveators' motion for new trial was affirmed in *Rankowitz v. Smith*, 266 Ga. 805 (471 SE2d 853) (1996).

Sylvater Smith McGraw, Jimmy Smith, and Margaret Rankowitz, three of the original caveators, then filed the underlying action seeking the imposition of a constructive trust, an accounting, and injunctive relief. In an isolated count, Jimmy Smith separately alleged that Clarence Smith assaulted him with a shotgun. Their complaint was premised on a claim that Jeff Smith had always expressed an intention to leave his children equal shares of his estate. After determining that the lawsuit was essentially contesting the distribution of the land that Jeff Smith made by his will, the trial court found that the action was barred by res judicata. They contest the judgment summarily awarded to Smith. *Held*:

1. The appellants contend that the trial court erred in holding that res judicata and/or estoppel by judgment barred the claims seeking a constructive trust and other equitable relief. We disagree. The doctrine of collateral estoppel precludes readjudication of issues that were previously decided or which had to be decided in order for the previous judgment to have been rendered. *Bradley v. Ga. Institute of Technology*, 228 Ga. App. 216, 218 (1) (a) (491 SE2d 453) (1997).

Here, we find the principle of collateral estoppel is applicable to these facts. See id. The caveat contended that Jeff Smith's will did not effectuate his oft-stated intent to his children that his estate be divided into equal shares. Similarly, in the underlying case, the appellants relied upon Jeff Smith's purported statements that he planned to divide his estate into equal shares as the rationale for imposing a constructive trust and for requiring an accounting and injunctive relief. Without question, this issue was already resolved when the jury determined that this two-page document was, in fact, Jeff Smith's last will and testament. In it, he bequeathed and devised all the timber receipts, as well as all of the land, solely to Clarence Smith. All of the instant claims, except for the illegal assault count, derive from the mistaken belief that Jeff Smith's spoken intent, even if proven, can transcend the plain language of a will previously upheld as valid.

The judgment of the superior court in the earlier case, once entered into evidence, was conclusive as to the authenticity of the will. See *Boozer v. Higdon*, 252 Ga. 276, 278 (1) (313 SE2d 100) (1984). Accordingly, we find that the claim for a constructive trust and the related claims were barred as a matter of fact by the explicit terms of the will and were also barred as a matter of law. See id.; *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532, 535 (3) (478 SE2d 601) (1996) (estoppel by judgment prevents relitigation

in a subsequent suit, a matter which was actually adjudicated in a former case).

2. Appellants contend that the trial court erred in awarding summary judgment. Relying on an affidavit from an attorney, they claim that the underlying action is wholly different from the one in probate court and presents questions which could not have been raised in the probate proceeding. Even if this action had not been procedurally foreclosed, it is well established that an expert witness may not state a legal conclusion as to the ultimate issue. *Nichols v. State*, 177 Ga. App. 689, 693 (2) (340 SE2d 654) (1986). See *Travelers Ins. Co. v. Thornton*, 119 Ga. 455, 456 (1) (46 SE 678) (1904).

As to the assault count, Smith failed to offer evidence or argument to establish his entitlement to summary judgment as a matter of law. See *Worley v. Chuck Clancy Ford &c.*, 206 Ga. App. 296, 297 (425 SE2d 376) (1992). Inasmuch as this factual issue remains disputed, summary judgment only as to the assault claim must be reversed.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 11, 1998.

*Lorenzo C. Merritt*, for appellants.
*Malcolm F. Bryant, Jr., Judson C. Bivins*, for appellee.