S00A0139. LITTLE v. CITY OF LAWRENCEVILLE et al.
(528 SE2d 515)

CARLEY, Justice.

James Little's personal residence in the City of Lawrenceville is adjacent to property owned by Mahlon Burson, who is a member of the City Council, and Burson's two sons (Rezoning Applicants). Rezoning Applicants began utilizing their property to store materials for use in an automobile and tire business. Several years later, Little complained to the City about this outdoor storage and eventually filed an official zoning complaint. Rezoning Applicants then filed an application to rezone their property from a residential to a light manufacturing classification. The City's Planning Staff recommended denial of the rezoning, but the Planning Commission recommended otherwise, and the City Council approved the rezoning application. Little appealed from this rezoning decision, naming as defendants the City, the City Council, and Rezoning Applicants (Appellees), and also sought injunctive relief against Rezoning Applicants. Although the trial court found that Burson violated the zoning conflict-of-interest law, OCGA § 36-67A-1 et seq., it nevertheless concluded that the rezoning was valid, that the City properly followed the procedures set out in the City Charter and the zoning ordinance, and that Little failed to exhaust his available administrative remedies for determining whether the activities conducted on the property violate the zoning ordinance even after the rezoning. Little appeals pursuant to this Court's grant of an application for discretionary appeal. Although it now appears that the Court of Appeals has jurisdiction of this case, we have retained it for reasons of judicial economy. See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 747 (2) (524 SE2d 464) (1999) (where primary issue is legal in nature, an accompanying claim for equitable relief does not bring case within this Court's equity jurisdiction); *Douglas v. Wages*, 271 Ga. 616, 617, fn. 2 (523 SE2d 330) (1999) (consideration of merits of appeal in interest of judicial economy).

1. Little contends that the trial court erred in ruling that the City properly followed the procedures set forth in the City Charter

for enacting ordinances. The provisions of the City Charter may once have controlled zoning procedure in accordance with the former Georgia Constitution of 1976, which forbade the legislature from regulating municipal zoning authority. *Warshaw v. City of Atlanta*, 250 Ga. 535, 536-537 (299 SE2d 552) (1983). At present, however, Art. IX, Sec. II, Par. IV of the Georgia Constitution of 1983 permits the governing authority of each county and municipality to exercise the power of zoning, but also provides that "[t]his authorization shall not prohibit the General Assembly from enacting general laws establishing procedures for the exercise of such power." Indeed, the General Assembly has done precisely that by enacting the Zoning Procedures Law (ZPL), OCGA § 36-66-1 et seq. That general law is mandatory and applies to the entire process of adopting or amending a zoning ordinance. *City of Cumming v. Realty Development Corp.*, 268 Ga. 461, 463 (3) (491 SE2d 60) (1997); *McClure v. Davidson*, 258 Ga. 706, 709 (3) (373 SE2d 617) (1988). The preemption doctrine precludes all other local or special laws on the same subject. Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a) and Art. IX, Sec. II, Par. I (c); *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 275 (2) (507 SE2d 460) (1998). Powers which the legislature sets out in city charters "are subject to limitations and preemptions imposed by general law." *Peacock v. Ga. Municipal Assn.*, 247 Ga. 740, 742 (2) (279 SE2d 434) (1981). Therefore, we hold that the ZPL has preempted the provisions in the City Charter for the purposes of the adoption and amendment of zoning ordinances. Accordingly, even assuming that the City did not follow the procedural provisions of its own Charter, we find no error in this rezoning case.

2. Little urges that the trial court erred by failing to set aside the rezoning action even though it found that Burson had violated OCGA § 36-67A-2. Under that code section, a local government official who knows or reasonably should know of a conflict of interest in a rezoning action is required to make an immediate written disclosure of his interest to the governing authority, disqualify himself from voting, and "not take any other action on behalf of himself or any other person to influence action on the application for rezoning. . . ." Because Burson disclosed his interest and disqualified himself from voting, the question is whether he violated the statute by taking "any other action. . . ."

In construing a statute in which, as here, "certain acts are specified which are followed by a general expression referring to other acts, such other acts must be of like character with those named." *Board of Chiropractic Examiners v. Ball*, 224 Ga. 85, 89 (1) (160 SE2d 340) (1968). To construe OCGA § 36-67A-2 otherwise would prohibit the government official from taking any action in support of his rezoning application, including supplementation thereof,

responding to inquiries from zoning authorities, or altering the property at issue or the business conducted thereon. The statute's specific requirements of disclosure and disqualification from voting prevent the local official from taking certain actions in his public capacity. Thus, under the rule of ejusdem generis, we hold that the succeeding proscription of "any other action" in OCGA § 36-67A-2 is likewise limited to action carried out in the official's public capacity. All of the steps taken by Burson to influence his rezoning application were of a type normally and properly undertaken by any other private property owner and, therefore, he did not violate the statute. His timely disclosure and recusal fully protected the residents of the City. *Tendler v. Thompson*, 256 Ga. 633, 634 (352 SE2d 388) (1987). Accordingly, the trial court erred in finding that Burson violated OCGA § 36-67A-2. Under the "right for any reason" rule, however, the trial court nevertheless correctly refused to set aside the rezoning decision. Furthermore, because Burson did not attempt to influence his rezoning application in the discharge of his public function, pre-existing case law did not require the trial court to invalidate the amended ordinance. Compare *Department of Transp. v. Brooks*, 254 Ga. 303, 317 (8) (328 SE2d 705) (1985).

3. Little also contends that the trial court erred in ruling that he failed to exhaust his administrative remedies with regard to the issue of whether the activities conducted on the property violated the zoning ordinance even after the rezoning. According to Little, further administrative proceedings would be futile because the City Council has already decided this issue by virtue of certain language in its rezoning decision. As the trial court stated, however, the zoning ordinance requires that all questions of interpretation be presented first to the Planning Commission, then to the Board of Appeals, and then to the courts. Exhaustion of administrative remedies is futile only where further administrative review "would result in a decision on the same issue by the *same body*. . . ." (Emphasis supplied.) *WMM Properties v. Cobb County*, 255 Ga. 436, 440 (3) (339 SE2d 252) (1986). Under the zoning ordinance, additional administrative proceedings would result in a decision by a body *other than* the City Council. Therefore, the trial court correctly concluded that Little has failed to exhaust his administrative remedies.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Thompson & Sweeny, Virgil L. Thompson, Jr.*, for appellant.

*Webb, Tanner & Powell, Anthony O. L. Powell, Ray B. Burruss, Jr.*, for appellees.