## A01A0939. SHERARD v. ALDRIDGE.
### (554 SE2d 590)

SMITH, Presiding Judge.

Calvin T. Sherard and Jacquelyn Amelia Aldridge both sought appointment as the personal representative of the estate of the decedent, Naomi Sherard Delcambre. Sherard is Delcambre's brother, and Aldridge is Delcambre's daughter and sole surviving child. After the probate court selected Aldridge to serve as personal representative and appointed her as administratrix with the will annexed, Sherard filed this appeal.[1] Because we find that Sherard has not borne his burden of showing error in the selection of Aldridge, we affirm.

When Delcambre executed her last will and testament in September 1991, she named her brother, Robert D. Sherard, and her sister, Elizabeth S. Yerby, as co-executors. Robert Sherard, however, predeceased Delcambre, and Yerby, by failing to take or pursue any action toward being appointed executor, was found by the probate court to have waived her right to serve. Delcambre's will did not appoint a successor executor in the event that her named co-executors were incompetent or unable or unwilling to serve. See generally *Robbins v. Vanbrackle*, 267 Ga. 871 (485 SE2d 468) (1997).

Her brother, Calvin Sherard, served as Delcambre's court-appointed guardian for her person and property from August 1993

---

[1] On jurisdictional grounds, the Supreme Court ordered the transfer of this case to this court.

until her death in December 1999. Thereafter, Sherard filed a petition to probate the will in solemn form and for letters of administration with the will annexed.[2] In this petition, Sherard claimed, inter alia, to be "the only one who is knowledgeable about the estate" and also to be a creditor of the estate. Aldridge filed a counterclaim to Sherard's petition and also sought appointment as administratrix with the will annexed.

After a hearing, the probate court appointed Aldridge, finding her lawfully qualified to serve and determining that all other requirements of law had been fulfilled. The probate court ordered that all disbursements, expenditures, and payments be made through a checking account requiring the signature of Aldridge and the estate's attorney. Sherard was ordered

> to deliver *instanter* unto Jacquelyn Aldridge, above-named Administrator, any and all assets and property in his custody, control or possession which belongs to the Estate of Naomi Sherard Delcambre, to include, but not be limited to, possession of the premises of the deceased at 506 Laney Walker Place, Augusta, Richmond County, Georgia, any automobile belonging to said deceased, any and all personal property belonging to said deceased, as well as any cash or funds in any checking or banking account, which belong to said deceased.

1. In this pro se appeal, Sherard asserts that the probate court overlooked crucial evidence showing that the testatrix did not want her daughter to handle any part of her estate. He claims that the testator made a conscious choice not to let Aldridge distribute her assets.

Despite his arguments to the contrary, Sherard has not shown error in the probate court's decision. Once an estate is deemed unrepresented, OCGA § 53-6-14 (b) governs the process by which personal representatives are selected. When the beneficiaries under a will cannot reach unanimous agreement in the selection of an administrator with the will annexed, the probate court must make an "appointment that will best serve the interests of the estate," after considering the statutory preferences set forth in OCGA § 53-6-14 (b). Here, the list of statutory preferences did not settle the selection issue, since both Aldridge and Sherard were named beneficiaries

---

[2] The will directed the creation of a trust funded by the sale of certain property combined with any money in her checking or savings account or certificates of deposit. After the disbursement of several cash gifts including $1,000 each to Aldridge and Sherard, all funds remaining in the trust were to be distributed to Delcambre's granddaughter and grandson.

under the will. To resolve the issue, the probate court then conducted a hearing that was not transcribed. See OCGA § 15-9-30 (a) (3).

Sherard bore the burden of showing error by the record. This he failed to do. No transcript of the hearing was provided for appellate review despite the fact that the proceedings were continued on one occasion to accommodate Sherard's request for recordation. Affidavits or exhibits attached to briefs are not evidence or considered part of the record. *Hixson v. Hickson*, 236 Ga. App. 894, 896 (3) (512 SE2d 648) (1999). While we recognize that the record does contain some evidence that would seem to contravene a finding that the best interests of the estate would be served by the appointment of Aldridge, the probate court found otherwise. In the absence of either a transcript of the lower court proceedings or an agreed statement of the events at trial, a reviewing court must presume that the evidence authorized the judgment. *Hamm v. Willis*, 201 Ga. App. 723 (1) (411 SE2d 771) (1991). Therefore, Sherard failed to show that the probate court did not properly comply with the appropriate statutory procedures in appointing Aldridge. See *Robbins*, supra.

2. Sherard also contends that the probate court erred in awarding the automobile and household furniture to the estate. He asserts that his sister wanted him to have her car and the furniture. Sherard claims that on Christmas in 1991, his sister told him that she had not listed her furniture or car in her will because she wanted him to have them. He also claims that he is entitled to reimbursement for certain expenses incurred while acting as guardian.[3]

Probate courts may exercise jurisdiction over the sale and disposition of property belonging to a deceased person's estate and may supervise the distribution of the assets of such an estate. OCGA § 15-9-30 (a) (4). Although it may well be that in her heart, Delcambre did, in fact, desire that Sherard, her younger brother, inherit her automobile and furniture, the controlling document is her last will and testament, which fails to mention giving this property to him. Although Delcambre could have modified her will to bequeath these gifts to Sherard by adding a codicil consistent with the requirements of OCGA § 53-4-20 (c), she apparently never did so.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED SEPTEMBER 4, 2001 — 

---

[3] Any such claims must be brought against the estate, and the probate court order being appealed does not address them.

Calvin T. Sherard, *pro se.*
*William R. McCracken*, for appellee.