A05A1572. SMITH v. HENRY.
(625 SE2d 93)

RUFFIN, Chief Judge.

Brenda Henry sued George Smith for libel, slander, invasion of privacy, negligence, and intentional infliction of emotional distress based on a statement Smith made about her at a Douglas County Board of Commissioners meeting on October 15, 2002. The parties filed cross motions for summary judgment, which were denied by the trial court. Smith appeals, and for reasons that follow, we reverse.

1. We review the trial court's denial of a motion for summary judgment de novo and view the evidence in a light most favorable to the nonmovant.[1] Viewed in that manner, the evidence shows that in October 2002, Henry was the Chief Appraiser for the Douglas County Board of Tax Assessors ("BOA"). She reported directly to the BOA and was responsible for supervising appraisers in the Douglas County Tax Assessor's Office. The appraisers conduct property appraisals from which tax valuation decisions are made by the BOA. Henry presented information to the BOA about methods of valuation, and on at least one occasion, "approached the BOA about the need to raise property values to conform to state law."

Smith had previously been a member of the BOA; however, on October 15, 2002, he held no government post and attended the Douglas County Board of Commissioners meeting as a private citizen. At the meeting, county commissioners and citizens discussed recent increases in the dollar value of property appraisals. When Smith spoke, he stated that Henry "took [her staff's] appraisals and

---

[1] See *Rain & Hail Ins. Svcs. v. Vickery*, 274 Ga. App. 424 (618 SE2d 111) (2005).

just arbitrarily raised the value of the land."[2] This statement is the basis for Henry's claims against Smith.

Smith moved for summary judgment on all claims, asserting, among other things, that his speech was privileged and thus not actionable. The trial court denied Smith's motion, as well as Henry's cross motion for summary judgment. On appeal, Smith again argues that privilege precludes Henry's claims. We agree.[3]

A statement made before a governmental body in connection with an issue under consideration by that body is privileged.[4] This privilege is conditional, rather than absolute, "and can be waived if the privilege is used merely as a cloak for venting private malice."[5] Statements to a local governing body are subject to this conditional privilege.[6]

In order for a defendant to establish privilege in this context, he must show "good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons."[7] The evidence Smith presented in support of his motion for summary judgment demonstrated that he spoke at a Board of Commissioners meeting as a concerned citizen about what he believed to be arbitrary increases in property valuations. According to Smith's affidavit, he based his comments on conversations he had with Henry herself and other employees of the Tax Assessor's office, and he believed his comments were true. This evidenced good faith.[8] As a property owner, Smith has a legitimate interest in the valuation of property for tax purposes.[9] And his statement was limited to that issue and made on a proper occasion to an appropriate governmental

---

[2] Smith's statement is undisputed, as the meeting was videotaped.

[3] Henry asserts that because the trial court did not specifically address Smith's claim of privilege in its order denying summary judgment, the Court may not consider it on appeal. Smith raised the issue of privilege in his motion for summary judgment and argued it at the summary judgment hearing. The trial court implicitly ruled upon it by denying Smith's motion for summary judgment. We are thus authorized to consider it on appeal.

[4] See OCGA §§ 51-5-7 (4); 9-11-11.1.

[5] *Walden v. Shelton*, 270 Ga. App. 239, 243 (606 SE2d 299) (2004). See also OCGA § 51-5-9.

[6] See *Walden*, supra at 244 (statement to city council); see also *McCracken v. Gainesville Tribune*, 146 Ga. App. 274, 276 (3) (246 SE2d 360) (1978) ("[T]he Hall County Board of County Commissioners of Roads & Revenues possesses sufficient indicia of a legislative body to qualify it for privileged communications.").

[7] (Punctuation omitted.) *Rabun v. McCoy*, 273 Ga. App. 311, 316 (2) (615 SE2d 131) (2005).

[8] See *Speedway Grading Corp. v. Gardner*, 206 Ga. App. 439, 442-443 (2) (425 SE2d 676) (1992).

[9] See, e.g., *Burt, Burt & Rentz Retirement Pension Trust v. Dougherty County Tax Assessors*, 256 Ga. App. 648 (569 SE2d 557) (2002) (county taxpayers may sue to enforce right to fair and justly equalized tax valuations).

body.[10] Smith thus made a prima facie showing of conditional privilege.[11]

Because Smith presented evidence that he acted in good faith and without malice, the burden shifted to Henry to point to specific evidence of malice on his part.[12] This she did not do. " 'Malice to avoid qualified privilege must be actual and with evil intent.' "[13] In order to prove actual malice, Henry was required to show that Smith either knew his statement was false or made it with reckless disregard of the truth.[14] And "[u]nsupported inferences or conjecture regarding a defendant's motivation do not suffice to show malice."[15] Henry argues that Smith knew his allegation that she arbitrarily raised land values was false because he was aware that only the BOA has the authority to raise or lower property values. Henry is making a circular argument, however, since Smith was asserting that Henry had, in fact, done something she was not authorized to do.

Henry also contends that evidence of malice is found in the fact that Smith approved the appraisals which went into the 2002 tax digest while he was on the BOA. She claims that Smith knew the property values contained in the April 1, 2002 digest were not arbitrary because he approved them. However, the 2002 tax digest upon which Smith voted reflects appraisals made in 2001. On October 15, 2002, Smith was complaining about more recent appraisals made in 2002, which were not yet reflected on the tax digest and upon which he had not voted. The fact that both Smith and Henry have played a role in a contentious dispute over property valuation is not enough to demonstrate malice on the part of Smith.[16]

The only other evidence cited by Henry to show malice is a letter from the Board of Equalization to the Board of Commissioners written in October 2003, over a year after the comment at issue here was made. The letter details alleged problems with the BOA seated on May 20, 2003, of which Smith was chairman. However, the letter is hearsay and cannot be considered as evidence.[17] Because Henry failed to show malice on the part of Smith, the trial court should have

---

[10] See *Speedway Grading*, supra.

[11] See *Choice Hotels Intl. v. Ocmulgee Fields, Inc.*, 222 Ga. App. 185, 188-189 (2) (474 SE2d 56) (1996).

[12] See *Rabun*, supra at 317-318 (2).

[13] *Cooper-Bridges v. Ingle*, 268 Ga. App. 73, 78 (4) (601 SE2d 445) (2004).

[14] See id. at 77.

[15] *Brewer v. Schacht*, 235 Ga. App. 313, 318 (4) (b) (509 SE2d 378) (1998).

[16] See *Cohen v. Hartlage*, 179 Ga. App. 847, 850-852 (348 SE2d 331) (1986).

[17] See *Aon Risk Svcs. &c. v. Commercial & Military Systems Co.*, 270 Ga. App. 510, 512 (1) (607 SE2d 157) (2004).

granted summary judgment to Smith on the basis of privilege.[18]

2. Henry argues that Smith moved only for partial summary judgment on the defamation claims and apparently contends that, even if summary judgment is proper on those claims, the case should continue to trial on her claims for invasion of privacy, negligence and emotional distress. But it is clear that the privilege contained in OCGA § 51-5-7 applies not only to slander and libel claims, but also to "any other tort based on communications."[19] Accordingly, Smith is entitled to summary judgment on all of Henry's claims.[20]

3. In light of our holdings in Divisions 1 and 2, we need not address Smith's remaining enumerations of error.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 13, 2005.

*Browning & Smith, Thomas J. Browning, Tyler J. Browning*, for appellant.

*Karen M. Patten*, for appellee.

---

[18] See *Dominy v. Shumpert*, 235 Ga. App. 500, 506 (3) (510 SE2d 81) (1998).

[19] (Citation and punctuation omitted.) *Rabun*, supra at 316 (2).

[20] See *Munoz v. American Lawyer Media, L.P.*, 236 Ga. App. 462, 463-465 (1) (512 SE2d 347) (1999).