A07A0803. CHOICEPOINT SERVICES, INC. v. HIERS.
(644 SE2d 456)

BLACKBURN, Presiding Judge.

Following the denial of its motion for summary judgment, Choice-Point Services, Inc. appeals, contending that the claims brought by Ludwick Hiers are barred by res judicata. Because we agree, we reverse and need not reach ChoicePoint's other enumerations.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

This is the second time these parties have come before this Court in this dispute, which arose from a February 1998 letter agreement Hiers entered into with Advanced HR Solutions, a subsidiary of ChoicePoint. Pursuant to that agreement, Hiers sold ChoicePoint's employment verification services for a commission and a $5,000 monthly consulting fee. The commission was structured so that Hiers would be paid $1 per call into the employment verification system, beginning one month after each client that he recruited "went live" by loading certain information into ChoicePoint's database. Hiers's commission payments were to continue for the longer of either the term of the client's service agreement or three years.

In April 1999, ChoicePoint terminated Hiers's contract after ChoicePoint sold Advanced HR Solutions to another company (not a party to this suit) which did not accept Hiers's contract or otherwise hire him. In April 2000, Hiers sued ChoicePoint in the State Court of Fulton County under the following theories: action on an open account, breach of contract, quantum meruit, unjust enrichment,

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

promissory estoppel, breach of fiduciary duty, and fraud. Without stating a rationale, the state court granted summary judgment to ChoicePoint on all claims, which order Hiers appealed only with respect to his breach of contract claim, resulting in our opinion in *Hiers v. ChoicePoint Svcs.*[2]

In that case, we affirmed summary judgment only with respect to future commissions that had yet to be determined, thereby denying Hiers's breach of contract claim to any commissions that "come due, if they come due, . . . some indefinite time in the future." *Hiers v. ChoicePoint Svcs.*, supra, 270 Ga. App. at 131 (2). In so ruling, we explained that Hiers "is not entitled to commissions based on events that may or may not occur sometime in the future," i.e., commissions for those companies that had not "gone live" (and which may never "go live") before Hiers's termination.[3] Id. at 130 (2). Because Hiers raised issues of fact as to the existence of a contract for commissions based on existing (not future) payments, we reversed summary judgment with respect to those unpaid commissions based on any accounts that had already "gone live."

Following that appeal, Hiers voluntarily dismissed his suit without prejudice. He filed the instant case against ChoicePoint as a renewal action in the Superior Court of Fulton County, seeking payment for future commissions under theories of reformation (under OCGA § 23-2-22) and quantum meruit. ChoicePoint moved for summary judgment, arguing among other things that both claims were barred by res judicata. Following a hearing, the trial court denied ChoicePoint's motion, giving rise to this appeal.

1. ChoicePoint contends that the quantum meruit claim is barred by res judicata. We agree.

"Res judicata bars subsequent actions 'as to all matters put in issue or which under the rules of law might have been put in issue' in the original action." *McIver v. Jones.*[4] See OCGA § 9-12-40. "In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exist between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action." *Labovitz v. Hopkinson.*[5]

Here, the record before us shows that the parties are the same in both actions, and in the original state court suit against ChoicePoint, Hiers brought a claim for quantum meruit based on the expected

---

[2] *Hiers v. ChoicePoint Svcs.*, 270 Ga. App. 128 (606 SE2d 29) (2004).

[3] Client companies were only required to pay for ChoicePoint's service when they "went live" by loading their information into ChoicePoint's database. Companies were not required to "go live" by a certain date, if ever.

[4] *McIver v. Jones*, 209 Ga. App. 670, 673 (b) (434 SE2d 504) (1993).

[5] *Labovitz v. Hopkinson*, 271 Ga. 330, 332 (2) (519 SE2d 672) (1999).

commission payments. After ChoicePoint moved for summary judgment on all claims, including the quantum meruit claim on both jurisdictional and substantive grounds, the state court issued an order granting ChoicePoint's motion "in its entirety."[6] Hiers then appealed "only the grant of summary judgment to ChoicePoint on his breach of contract claim," and did not challenge the state court's judgment with respect to the quantum meruit claim. *Hiers v. Choice-Point Svcs.*, supra, 270 Ga. App. at 128.

Hiers now argues that the state court's ruling does not bar the instant action because the state court was not a court of competent jurisdiction with respect to the quantum meruit claim. However, "state courts have subject matter jurisdiction of quantum meruit claims, which are considered actions at law." *Allen v. Peachtree Airport Park Joint Venture.*[7] See *Webb v. B. C. Rogers Poultry.*[8] Therefore, as the state court's order was a final adjudication of the quantum meruit claim, and Hiers did not appeal that aspect of the order, he cannot now bring the same claim again against ChoicePoint. See OCGA § 9-12-40; *Freeman v. Fillingame.*[9]

2. ChoicePoint contends that the reformation claim is also barred by res judicata, because it is based on the same subject matter and factual scenario, i.e., Hiers's entitlement to compensation for services performed pursuant to the February 1998 contract.

Hiers brought the reformation claim in this action based on OCGA § 23-2-22, which states that "[a]n honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when the mistake operates as a gross injustice to one and gives an unconscionable advantage to the other, may be relieved in equity."

Hiers asserts that neither party intended that ChoicePoint or its successor would not be bound to pay future commissions to Hiers based on client accounts that had not yet "gone live" when Hiers was terminated. Therefore, in response to ChoicePoint's res judicata defense, Hiers counters that he could not have brought the reformation action because neither party foresaw that Hiers would lose his contract claim the way he did. We have rejected similar arguments as spurious, in that the application of res judicata does not depend on the plaintiff's subjective state of mind, see *Helmuth v. Life Ins. Co. &c.,*[10] nevertheless, we note that this argument ignores the fact that Hiers

---

[6] The state court's order did not specify the grounds on which it based its judgment, nor does the record contain a transcript of the state court proceeding.

[7] *Allen v. Peachtree Airport Park Joint Venture*, 231 Ga. App. 549, 550 (1) (499 SE2d 690) (1998).

[8] *Webb v. B. C. Rogers Poultry*, 174 F3d 697, 704 (3) (b) (5th Cir. 1999).

[9] *Freeman v. Fillingame*, 267 Ga. 168 (476 SE2d 264) (1996).

[10] *Helmuth v. Life Ins. Co. &c.*, 194 Ga. App. 685, 686 (391 SE2d 412) (1990).

did bring a prior quantum meruit claim, which was predicated on the lack of an enforceable contract. Therefore, Hiers obviously anticipated that the contract might not be entirely enforceable, and having done so, he could have recognized the need to bring a reformation claim in the earlier action. Hiers's reformation action is now barred, because "the adding of additional claims for relief which grow out of the same factual situation does not amount to the adding of a new or different cause of action." (Punctuation omitted.) *Mahan v. Watkins*.[11] See *McCracken v. City of College Park*[12] ("so long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same, and it makes no difference that the remedy sought to be applied under different procedures growing out of the same wrong may be different") (citation and punctuation omitted). The fact that the state court potentially lacked jurisdiction over the reformation claim is immaterial, because Hiers "chose the forum and [was] bound by the limitations of the court that [he] chose." (Punctuation omitted.) *Green v. Bd. &c. Park Cliff Unit Owners Assn.*[13]

ChoicePoint's remaining enumerations are moot.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 28, 2007 —

*Elarbee, Thompson, Sapp & Wilson, Richard R. Gignilliat, William D. Deveney*, for appellant.

*Buker, Jones & Haley, Robert J. Mottern, Vaughn W. Fisher, Jr.*, for appellee.

---

[11] *Mahan v. Watkins*, 256 Ga. App. 260, 261 (568 SE2d 130) (2002).
[12] *McCracken v. City of College Park*, 259 Ga. 490, 491 (2) (384 SE2d 648) (1989).
[13] *Green v. Bd. &c. Park Cliff Unit Owners Assn.*, 279 Ga. App. 567, 570 (2) (631 SE2d 769) (2006).