## S08A0328. MORRISON et al. v. MORRISON et al.

(663 SE2d 714)

CARLEY, Justice.

William Lee Morrison, Jr. (Decedent) gave his son, Appellee Ralph Morrison, a power of attorney in 1986 and executed wills in 1988, 1995, and 1998. In 2003, Decedent made notes of potential changes on a copy of the 1998 will and, two weeks before he died in June 2004, mailed them to an attorney. While Decedent was incapacitated prior to his death, Appellee discovered a copy of those notes along with a handwritten message addressed to him, which stated, "If anything happens to me before I am able to write my new will, please see and abide by the changes I have inked in on this . . . 1998 will. . . . I know you will do as I ask of you. . . . Please do as I ask/legal or not."

After the death of Decedent, the 1998 will was propounded in probate court by Appellee, who was the named executor. A caveat was filed by Appellant Alexander Morrison and supported by Appellant W. Lee Morrison, III, both of whom are also Decedent's sons. The caveat was rejected, the will was admitted to probate, and this Court affirmed. *Morrison v. Morrison*, 282 Ga. 866 (655 SE2d 571) (2008).

While that case was pending, Appellants brought suit in superior court against Appellee individually and as executor of Decedent's estate, claiming breach of fiduciary trust, constructive trust, intentional interference with a gift, and fraud. The non-fraud claims are based upon Appellee's alleged failure to transfer property to Appellants in his capacity as Decedent's attorney in fact in accordance with the directions in his handwritten notes. The fraud claims are based on statements made by Appellee to Appellants with regard to mediation of the probate case. The superior court granted summary judgment in favor of Appellee, holding that the non-fraud claims are barred by res judicata and collateral estoppel and that the fraud claims are barred by OCGA §§ 51-5-7 (2) and 51-5-8.

Appellants filed a notice of appeal to the Court of Appeals, which transferred the case to this Court. Pretermitting whether jurisdiction is proper in this Court, we have retained this appeal for reasons of judicial economy. *Little v. City of Lawrenceville*, 272 Ga. 340 (528 SE2d 515) (2000). Accordingly, the motion to transfer the case back to the Court of Appeals, filed by Appellants, is denied.

1. We initially observe that the 2003 notes and instructions to Appellee clearly did not constitute a completed inter vivos gift. See *Tucker v. Addison*, 265 Ga. 642 (1) (458 SE2d 653) (1995). However, that circumstance alone does not foreclose a claim of intentional interference with a gift. That claim, like the other non-fraud claims, is based upon the allegation that Appellee failed to use his power of

attorney prior to the testator's death to comply with his written directions. Appellants claim that Appellee interfered with an economic expectancy, specifically an expected gift. See *Morgan v. Morgan*, 256 Ga. 250, 251 (1), (2) (347 SE2d 595) (1986). Thus, evidence that the gift was not fully executed does not negate the viability of the claim. To the contrary, the incomplete nature of the gift is actually a logical and necessary element of the tort of intentional interference with an expected gift. See *Morgan v. Morgan*, supra at 251 (1).

We also note that a claim for the imposition of a constructive trust is not an independent cause of action. In this case, however, Appellants have sufficiently alleged a supporting cause of action. Their request for the imposition of a constructive trust is expressly predicated on their claim for breach of fiduciary duty. An intentional breach of fiduciary duty constitutes actual fraud, which clearly may form the basis for a constructive trust. OCGA § 53-12-93 (a); *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 809 (5) (b) (371 SE2d 421) (1988). Compare *Hampton Ridge Homeowners Assn. v. Marett Properties*, 265 Ga. 655, 656 (2) (460 SE2d 790) (1995) (no constructive trust because there was no evidence of a breach of fiduciary duty).

2. OCGA § 51-5-8, which provides an absolute privilege for certain statements made during the course of judicial proceedings, explicitly applies only to libel claims. See *Davis v. Shavers*, 269 Ga. 75, 76 (495 SE2d 23) (1998); *Kluge v. Renn*, 226 Ga. App. 898, 900 (2) (487 SE2d 391) (1997) (statute applies to a "claim for libel" and "does not bar a claim for abusive litigation"). Because this case does not involve a claim for libel or any defamation, the superior court erred when it granted summary judgment with respect to the fraud claims based on OCGA § 51-5-8.

OCGA § 51-5-7 (2), by its terms, is broader and establishes a defense of qualified or conditional privilege, which is applicable if, among other things, the statements at issue were made "in complete good faith . . . . [Cits.]" (Emphasis omitted.) *Smith v. Vencare*, 238 Ga. App. 621, 625 (2) (c) (519 SE2d 735) (1999). The Court of Appeals has held that "OCGA § 51-5-7 applies not only to slander and libel claims, but also to 'any other tort based on communications.' [Cit.]" *Smith v. Henry*, 276 Ga. App. 831, 834 (2) (625 SE2d 93) (2005). However, OCGA § 51-5-7 has never been applied to the tort of fraud. Even assuming that the Court of Appeals was correct in *Smith*, the elements of fraud negate the existence of good faith. Thus, it is illogical to extend the conditional privilege of OCGA § 51-5-7 (2) so far as to provide a defense to a fraud claim. See *Stiefel v. Schick*, 260 Ga. 638, 639 (1) (398 SE2d 194) (1990) (listing the elements of fraud, including scienter); *Community Newspapers v. Baker*, 198 Ga. App.

680, 682 (402 SE2d 545) (1991) (" 'bona fide' . . . has been defined as '(i)n or with good faith . . . ; without deceit or fraud,' [cit.]"); *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 115 (2) (115 SE2d 852) (1960). Thus, the superior court also erred in granting summary judgment as to the fraud claims based upon OCGA § 51-5-7 (2).

3. Appellants contend that neither res judicata nor collateral estoppel bars any of their claims.

Like other Georgia courts in the past, the superior court "fail[ed] to clearly and consistently distinguish the two separate doctrines" of res judicata and collateral estoppel. *Sorrells Constr. Co. v. Chandler Armentrout & Roebuck,* 214 Ga. App. 193 (447 SE2d 101) (1994). In particular, the superior court confused res judicata with collateral estoppel, also known as estoppel by judgment, by stating that, under both doctrines, "all matters which were actually put in issue or which could have been put in issue are barred." To the contrary,

> [t]he issue sought to be precluded must *actually have been litigated and decided in the first action* before collateral estoppel would bar it from being considered in the second action, or the issue *necessarily had to be decided in order for the previous judgment to have been rendered.* [Cit.] (Emphasis in original.)

*Karan v. Auto-Owners Ins. Co.,* 280 Ga. 545, 547 (629 SE2d 260) (2006) (also explaining the requirements of each doctrine). The previous litigation in the probate court resolved the issues of whether the 2003 notes and instructions were relevant to the claim of undue influence and whether they constituted a revocation of the 1998 will. *Morrison v. Morrison,* supra at 868-871 (4), (5). However, the probate court did not decide the issue of whether Appellee breached his fiduciary duties as testator's attorney in fact, or intentionally interfered with an expected gift, by failing to comply with his written directions in 2003. Compare *McGraw v. Smith,* 232 Ga. App. 513, 514 (1) (502 SE2d 347) (1998) (collateral estoppel applied where both a caveat and claims in a subsequent action were based on the testator's alleged spoken intent, which was contrary to the will). Nor were the separate issues of fraud litigated in probate court. We specifically note that the probate court's determination of whether Appellee actually represented Lee Morrison at the mediation did not constitute a decision as to whether Appellee misled Appellants in that regard. Therefore, Appellants' claims are not barred by collateral estoppel.

Furthermore, res judicata does not bar those claims, for several reasons. First, the non-fraud claims could not have been decided by

the probate court, because it did not have jurisdiction over such claims. The probate court has jurisdiction over the probate of wills and "[a]ll other matters and things as appertain or relate to estates of deceased persons . . . ." OCGA § 15-9-30 (a) (10). Thus, "the probate court does have jurisdiction over a claim that an estate's executors have breached their fiduciary duty. [Cit.]" (Emphasis omitted.) *Heath v. Sims*, 242 Ga. App. 691, 692 (1) (531 SE2d 115) (2000). However, "a probate court clearly does not have jurisdiction over a general breach of duty claim . . . ." *Heath v. Sims*, supra. Therefore, the probate court here did not have jurisdiction over the claims that, prior to the testator's death and the appointment of the executor, Appellee intentionally interfered with an expected gift or breached the fiduciary duties which he held by virtue of a power of attorney.

Another reason that the doctrine of res judicata does not bar Appellants' claims is that there does not exist the requisite identity of the cause of action. "The fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same 'cause' within the meaning of OCGA § 9-12-40 . . . ." *Gunby v. Simon*, 277 Ga. 698, 700 (594 SE2d 342) (2004). "For that doctrine to act as a bar, 'the cause of action in each suit must be identical.' [Cits.]" *Haley v. Regions Bank*, 277 Ga. 85, 91 (2) (586 SE2d 633) (2003). " 'The probate of a will is merely conclusive of the factum of the will.' [Cits.]" *Cross v. Stokes*, 275 Ga. 872, 874 (1) (572 SE2d 538) (2002). "The only issue[s] before the probate court [were] devisavit vel non [and revocavit vel non]. This complaint does not seek to controvert the judgment of probate . . . ." *Raby v. Minshew*, 238 Ga. 41 (1) (231 SE2d 53) (1976).

> The focus of the [non-fraud claims] is the alleged [direction to make an] inter vivos gift of money . . . , and not the validity, vel non, of [the 1998] will. The fact that the alleged gift, for whatever reason, . . . ultimately [became and might remain] part of [the testator's] estate does not transform the action into a challenge to the disposition of all of the assets of the estate.

*Johns v. Morgan*, 281 Ga. 51, 53 (635 SE2d 753) (2006). Therefore, the non-fraud claims and the caveat to the petition for probate are not identical causes of action. Furthermore, the fraud claims are based upon facts which occurred after the 1998 will was offered for probate and a caveat was filed. Thus, the fraud claims depend upon a different set of facts than did the probate of the will and the caveat, and there is no identity of cause of action. *Stringer v. Bugg*, 254 Ga. App. 745, 747-748 (2) (563 SE2d 447) (2002).

"A cause of action has been defined as being 'the *entire* set of facts which give rise to an enforceable claim.' Where[, as here,] some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former (cits.), although the subject matter may be the same (cits.), and even though the causes arose out of the same transaction. (Cit.)" [Cits.]

*Haley v. Regions Bank,* supra. Accordingly, Appellants' "claim of res judicata is without merit." *Raby v. Minshew,* supra.

For the foregoing reasons, we conclude that summary judgment can be based on neither res judicata nor collateral estoppel and that none of Appellants' claims is barred for any reason stated by the superior court. Therefore, the superior court erred in granting summary judgment in favor of Appellee.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I dissent because the claims at issue here constitute an unauthorized collateral attack on the 1998 will which has been held by the probate court as William Lee Morrison, Jr.'s last will and testament. Giving any kind of effect to the 2003 notes after the fact, including awarding damages on various theories such as breach of fiduciary duty, constructive trust, intentional interference with a gift, and fraud would usurp the probate court's authority. In particular, I cannot join Division 3 of the majority's opinion because I believe appellants' (Alexander and Lee Morrison) fraud and non-fraud claims are barred by OCGA § 9-12-40[1] which codifies the doctrines of res judicata and collateral estoppel.

1. Res judicata bars re-litigation of claims that were brought or could have been brought in the original action in a court of competent jurisdiction when there is an identity of the parties and subject matter. *Karan, Inc. v. Auto-Owners Ins. Co.,* 280 Ga. 545 (629 SE2d 260) (2006). Res judicata is applicable when there is (1) an identity of the parties or their privies, (2) an identity of the cause of action, and (3) previous adjudication on the merits by a court of competent jurisdiction. *Karan, Inc.,* 280 Ga. at 546. In short, res judicata requires the litigant to bring all claims arising out of one set of circumstances in one action. *Smith v. Maytag Corp.,* 216 Ga. App.

---

[1] OCGA § 9-12-40 states, "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

676 (2) (a) (455 SE2d 379) (1995).

(a) I disagree with the majority opinion's conclusion that there is no identity of subject matter between the superior court action and the prior probate case barring the non-fraud claims under res judicata. Where separate legal actions are predicated on the same factual transaction, then there is an identity of subject matter such that the subsequent action is barred by res judicata. *McCracken v. City of College Park*, 259 Ga. 490 (2) (384 SE2d 648) (1989). Thus, res judicata precludes a party from asserting his claims "piecemeal" in separate actions when all the claims concern the same set of facts. *Mobley v. Sewell*, 226 Ga. App. 866, 868 (487 SE2d 398) (1997) (action to set aside deed on grounds of fraud, conspiracy and breach of contract was barred by res judicata where there was a previous superior court order denying claim of fraudulent conveyance and ordering property to be sold at public auction); *Hill v. Wooten*, 247 Ga. 737 (279 SE2d 227) (1981) (state court action barred by res judicata because it and the original federal court action concerned a "common nucleus of operative fact").

The probate court determined that the 2003 notes did not revoke Williams' 1998 will. Like the probate action, the superior court action turns on the effect of the 2003 notes, the only difference being that appellants assert new causes of action. However, a new suit asserting new claims or seeking new relief concerning the same facts already litigated is barred by res judicata. *ChoicePoint Svcs. v. Hiers*, 284 Ga. App. 640 (2) (644 SE2d 456) (2007) (where first suit and second suit were based on same subject matter and facts, second suit, which asserted new theories of relief, was barred by res judicata); *Kenney v. Don-Ra, Inc.*, 178 Ga. App. 492 (1) (343 SE2d 779) (1986) (award of stock to husband in divorce action barred wife's subsequent action against corporation and husband to compel distribution of one-half share of stock). Indeed, appellants, seeking consolidation of the superior court and probate actions admitted in their superior court complaint that both actions "involve common questions of law and fact as they relate to [Ralph's] conduct and the post mortem disposition of Mr. Morrison's assets." Therefore, there is an identity of subject matter and appellants cannot proceed here merely because they have asserted new claims and theories of recovery.

(b) I disagree with the majority opinion's conclusion that the fraud and non-fraud claims could not be pursued in probate court. The probate court has exclusive jurisdiction to probate a will and "all other matters and things as appertain or relate to estates of deceased persons." *Greenway v. Hamilton*, 280 Ga. 652, 654 (1) (631 SE2d 689) (2006). See also *Benefield v. Martin*, 276 Ga. App. 130, 131 (622 SE2d 469) (2005) (probate court with subject matter jurisdiction may render decision on damages for fraud claims); *Sherard v. Aldridge*,

251 Ga. App. 445 (2) (554 SE2d 590) (2001) (allegations that certain items should have passed outside the will could be brought against the estate in probate court). Therefore, the probate court was a court of competent jurisdiction as required by the res judicata doctrine.

2. I also believe the fraud-related claims are barred by collateral estoppel because the matters have been put in issue and litigated. The doctrine of collateral estoppel bars the re-adjudication of issues that have already been decided on the merits when there is an identity of the parties or their privies. *Karan, Inc.*, 280 Ga. at 546. "[C]ollateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, [the] issue may not be re-litigated, even as part of a different claim." *Shields v. BellSouth Advertising & Pub. Corp.*, 273 Ga. 774, 777 (545 SE2d 898) (2001) (plaintiff's federal discrimination claim was barred by collateral estoppel in federal court action where a prior superior court action reviewing an award of unemployment benefits found that plaintiff's termination was not motivated by his HIV status).

Here, the probate court heard evidence and issued an order finding that Lee was not represented by Ralph at the mediation[2] and that the settlement agreement which resulted from the mediation between Alexander and Ralph was unenforceable, in part, because it was not signed by Lee or anyone signing as Lee's agent. As a consequence of that ruling, Alexander and Lee went to trial in the probate court, during which trial Lee repudiated any purported representation by Ralph and asserted under oath that he agreed with Alexander's caveat which the probate court ultimately denied. Because the probate court decided that Ralph never represented Lee at the mediation and appellants never took issue with that ruling (see *Morrison v. Morrison*, 282 Ga. 866 (655 SE2d 571) (2008)) and because Lee repudiated Ralph's representation in fact, appellants are barred by collateral estoppel from asserting a new cause of action for fraud[3] based on Ralph's statements purporting to represent Lee

---

[2] Specifically, the November 16, 2005 probate court order concerning enforcement of the settlement agreement stated, "And although there was some oral evidence that [Ralph] purported to represent Lee Morrison in mediation (heir Lee Morrison not being then present), neither the Agreement to Mediate nor the [Settlement] Memorandum bears [Lee's] signature or the authorized signature of Ralph as [Lee's] agent or representative with power of attorney."

[3] An essential element of fraud is a showing that the complainant was damaged. *Rainey v. GAVFT Motors*, 269 Ga. App. 479 (1) (604 SE2d 840) (2004). Inasmuch as the settlement agreement was not enforced, it begs the question as to how Lee or Alexander was damaged by the allegedly fraudulent statements made by Ralph regarding Lee's representation. Nevertheless, appellants opined in their superior court complaint that "[h]ad Ralph stated that he did not represent Lee, the mediation could have been postponed until Lee could have been present." This argument is without merit because there is no evidence that the matter would

at mediation. *ChoicePoint Svcs. v. Hiers*, 284 Ga. App. at 641-642 (party who had sued and appealed denial of commissions on theory of breach of contract was barred from pursuing new action which sought to recover the same commissions under theories of reformation and quantum meruit).

Accordingly, I would affirm the judgment of the trial court.

DECIDED JULY 7, 2008.

*Caldwell & Watson, Harmon W. Caldwell, Harry W. MacDougald, Floyd E. Propst III, Robert S. Carlson*, for appellants.

*Jones Day, Gregory R. Hanthorn, Samantha R. Mandell, Paul, Hastings, Janofsky & Walker, Robert M. Martin*, for appellees.

---

have been settled had Lee been present and represented at the mediation. In fact, the probate court noted that Ralph's sons, who were also beneficiaries of the 1998 will, were not represented at the mediation and there was no evidence that they had agreed to the terms of the settlement agreement which was required by OCGA § 53-5-25.